DODD, RESPONDENT, v. SIMON, APPELLANT.

(No. 8,288.)

(Submitted April 14, 1942. Decided October 2, 1942.)

[129 Pac. (2d) 224.]

MR. JUSTICE ANDERSON delivered the opinion of the court.

This appeal presents a question of the effect of a decree quieting title to real estate, as regards possession, and questions. of practice in proceedings for recovery of possession under the decree.

After the appeal was perfected and before argument thereof, Nat Simon, the defendant (appellant) died. Upon application and by order of this court, Nat Simon, Jr., as special administrator of the estate of said deceased, was substituted as appellant. For convenience in discussing the case in this opinion, the deceased, Nat Simon, will be referred to generally as the defendant.

The decree in question was entered on February 21, 1926, whereby the defendant in the action was adjudged to have no title and no right to possession of the real estate involved. The findings on which the decree was based showed that the defendant was in adverse possession at the commencement of the

action and when the decree was entered. No provision was made in the decree for any writ of possession, but the defendant was perpetually enjoined from asserting any claim to the real estate or interfering in any way with plaintiff's possession and enjoyment of his rights of ownership.

The defendant continued in possession of a portion of the real estate after the decree. No action was taken to oust him therefrom until September 3, 1935, when plaintiff filed a petition for a writ of possession. The petition sets forth that the defendant was in possession without any right and in disregard of the decree and refused to surrender possession to the plaintiff. Basing his claim on the decree, plaintiff prayed for an order requiring the defendant to show cause why a writ should not issue to put plaintiff in possession of the land. The only thing in the record showing what disposition of the petition was made is the following, after reciting the filing of the petition:

"That thereafter, and on the 20th day of September, 1935, the Court made and entered its order in said matter, in words and figures as follows:

"No testimony being offered on behalf of either the plaintiff or defendant, it was thereupon agreed by respective counsel that the Court should order a Writ of Possession to issue as against Nat Simon as an individual, and that said Writ of Possession should exclude therefrom the right of the plaintiff to possession of certain buildings excepted in the Decree dated Feb. 3rd, 1926, and described therein as the Louis Grandpre Buildings;

"That thereafter on September 2nd, 1941, the Clerk of the above entitled court issued a writ of possession in words and figures as follows:" The writ is then set out in full. It sets forth the history of the case, with recitals of provisions of the decree and with the following recital thereafter of the proceedings for the issuance of the writ of possession:

"And Whereas, thereafter the said plaintiff, West Dodd, petitioned the said court for a writ of possession in said action,

540

and on the 20th day of September, 1935, the said court duly made and gave an order in said cause, a true copy of which order is in words and figures as follows: 'No testimony being offered on behalf of either the plaintiff or defendant, it was thereupon agreed by respective counsel that the court should order a Writ of Possession to issue as against Nat Simon as an individual, and that said Writ of Possession should exclude therefrom the right of the plaintiff to possession of certain buildings excepted in the Decree dated Feb. 3rd, 1926, and described therein as the Louis Grandpre Buildings.'' '

There is no showing in the record of any order made by the court for the writ of possession other than the recital by the court of the stipulation of counsel for the issuance of the order.

After the issuance of the writ of possession the defendant, on October 14, 1941, filed an affidavit in the cause as follows:

"Nat Simon, being first duly sworn deposes and says: That he is the defendant in the above entitled cause; that on or about September 3, 1941, he was served with a copy of an alleged Writ of Possession, issued by the Clerk of the above entitled court, in the above entitled cause, on September 2, 1941; that the sheriff of said Deer Lodge County has advised affiant that he proposes to forcibly eject your affiant from said premises described in said action; that your affiant is informed by his counsel and verily believes that said writ of possession is void and of no force and effect; that affiant is now in possession of said premises described in said writ and has been in possession thereof at all times since February 3, 1926, and prior thereto."

Upon the filing of this affidavit the court, upon oral application of the defendant, made an order requiring the plaintiff to show cause why the writ of possession should not be quashed. Thereafter the matter came on for hearing before the Court, both parties being present with their respective counsel. No evidence was offered nor taken at the hearing, the matter being argued and submitted upon the record of the case as here

shown. On October 29, 1941, the court made an order denying the motion to quash the writ. The appeal here is from that order.

The error specified by defendant as ground for reversal is that the court, in denying the motion to quash the writ, erred in finding, holding and deciding that a writ of possession could lawfully be issued more than fourteen years after the judgment had been entered upon which the writ is based, and that the court erred in holding and deciding that an order of the court directing the issuance of a writ of possession made nine years and seven months after the judgment was entered, authorized the clerk to issue a valid writ of possession nearly six years later.

No question is raised as to the sufficiency of the showing in the record of an order made by the court for the issuance of the writ. The recital by the court of the stipulation of counsel for the issuance of the order is in itself not an order, and cannot take the place of an order by the court. However, counsel on both sides in their briefs refer to it as an order of the court, and speak of an order of the court having been made and entered, so we will assume that the order spoken of was in fact made at that time.

In an action to quiet title to real property, where the defendant is in possession and the decree adjudges the plaintiff to be entitled to possession, plaintiff is entitled to a writ to put him in possession of the premises; the writ may issue even though it is not ordered by the decree. (*Doggett* v. *Johnson*, 82 Mont. 338, 348, 267 Pac. 292.)

While the writ here issued under a decree in an equity case, the remedy by use of the writ is the same as if issued upon a judgment in an action at law for the possession of real property. (*Raymond* v. *Blancgrass*, 36 Mont. 449, 93 Pac. 648, 15 L. R. A. (n. s.) 976.) Law and equity may be administered in the same action (Art. VIII, sec. 28, Montana Constitution.) In determination of the right of possession in this case, and the consequent issuance of the writ against the defendant in pos-

542

session, the right so determined is administered as in an action at law in ejectment.

The writ of possession is the execution process employed to ██ recover what the judgment says the plaintiff shall have, and its issuance is governed by the general statutes on execution. (Secs. 9416 to 9421, inclusive, Rev. Codes.) It is referred to in section 9081, Id., dealing with proper parties defendant in actions brought by plaintiff not in possession to determine adverse claims to title, and wherein it says the writ may issue against the defendants against whom the judgment has passed. It may issue at any time within six years after the entry of the judgment. (Sec. 9416, Id.) It is issued by the clerk of the court as provided by subdivision 4 of section 9417, Revised Codes. After the lapse of six years from the entry of the judgment, the writ may issue by leave of the court upon motion. (Sec. 9421, Rev. Codes.)

While the decree here in its provisions quieting the title and ██ restraining the defendant from asserting any adverse claim of title is perpetual, the limiting provisions of the statutes in respect to the time of enforcement of legal rights determined by a judgment, apply to the right under this decree to recover possession by execution process.

The question here presented is whether the plaintiff in seeking to have his judgment carried into execution, pursued his remedy in the manner and within the time as the law provides.

The proceeding by petition filed on September 3, 1935, was ██ the proper method of then applying for the writ. More than six years having elapsed since the entry of judgment, the writ could not issue without leave of court. Had a writ then issued upon an order made by the court, such writ would have been valid. But no writ was then obtained. It was not until nearly six years thereafter that a writ was issued on September 2, 1941. It was then issued by the clerk of the court without any further proceeding, and was based upon the proceeding had on the petition for a writ in September, 1935.

An order for a writ cannot be held in dormant status for that length of time and retain its effectiveness. The purpose of applying for the order is to show to the court that, even though the statutory period of effectiveness of the judgment has elapsed, the plaintiff has not yet received, and is still entitled to, that which the judgment says he shall have. If execution is not taken on such order within a reasonable time, it must be treated as abandoned and will have lost its effectiveness. The right to the writ has not been exhausted, but thereafter, to obtain a writ, application must again be made to the court.

The proceedings on the motion to quash the writ cannot be held to have resulted in an order for its issuance so as to avoid the need of application to the court. The whole attack there, as shown by the specification of errors, was that the writ was void because of the lapse of time before its issuance. Neither the order nor anything else in the record shows that any other ground was considered. The defendant might so attack the writ without showing other grounds to be presented upon an application to the court for its issuance.

The writ issued in this case, therefore, was without authority for its issuance, and the motion to quash should have been granted.

Whether the defendant might, after the decree here entered, ██ ██ acquire title by adverse possession, we do not decide. His stipulation in open court on September 20, 1935, agreeing that plaintiff was then entitled to a writ of possession, shortens the period of any possible claim of adverse possession below the ten-year period required for it to ripen into title, and the question is therefore not in the case.

The stipulation made on September 20, 1935, likewise had the effect of tolling the statute limiting to ten years the time of effectiveness of the judgment. It was an acknowledgment of the existence of the judgment unsatisfied, made in open court, and intended for the court to act upon in administering the rights of the parties with respect to the matter of pos-

544

session, and as determined by the judgment. (31 Am. Jur., Judgments, sec. 398; annotation 21 A. L. R. 1061.) While there is divergency of views on the question, the cases holding that a statute limiting the time of effectiveness of a judgment may be tolled by acknowledgment of the judgment seem to establish the majority rule, and which we follow. While the cases cited in the annotations above referred to deal with judgments for the recovery of money, we can see no reason why the rule should not be applied to judgments for recovery of possession of real property. (*Haupt* v. *Burton*, 21 Mont. 572, 576, 55 Pac. 110, 69 Am. St. Rep. 698.)

California has statutory provisions for the recovery of possession of real property in actions to quiet title, the same as our Code provisions. There these questions of the issuance of the writ of possession have been litigated and decided, and we refer to those cases as supporting the conclusions we have here reached. (See 22 California Jurisprudence, 129, sec. 18, and 187, sec. 57; *Landregan* v. *Peppin*, 94 Cal. 465, 29 Pac. 771; *Messenkop* v. *Duffield*, 211 Cal. 222, 226, 294 Pac. 715; *City of Los Angeles* v. *Forrester*, 12 Cal. App (2d) 146, 55 Pac. (2d) 277.)

Cases cited by counsel involving recovery of possession upon ▮ purchase under mortgage foreclosure decree are not controlling in this case. The writ of assistance employed in mortgage foreclosure actions issues as an aid in carrying out the decree of sale, and is not governed, in its issuance, by the law on executions, as is the writ of possession.

The order appealed from is reversed with direction to enter an order quashing the writ, but without prejudice to an application for a writ on notice.

Mr. Chief Justice Johnson and Associate Justices Erickson and Morris concur.

Mr. Justice Angstman takes no part in the above decision.