No. 92-154

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

WILLO B. PETRANEK, n/k/a STREET,

        Petitioner and Respondent,

  and

THOMAS B. PETRANEK,

        Respondent and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Jack R. Stone, Attorney at Law, Lewistown, Montana

      For Respondent:

        James D. Elshoff, Attorney at Law, Great Falls,
Montana

Submitted on Briefs: July 2, 1992

Decided: December 17, 1992

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Respondent Willo B. Petranek, now known as Willo B. Street, filed a motion for child support arrears on September 10, 1991, seeking enforcement of the parties' 1981 divorce decree. Following a January 24, 1992, hearing, the District Court for the Tenth Judicial District, Fergus County, found that appellant Thomas B. Petranek owed arrears and interest in the amount of $12,919.50 which had accrued from December 1982 through March 1992. From that judgment, Thomas appeals. We affirm.

The sole issue for our consideration is whether the District Court abused its discretion by concluding that its 1982 decree entered pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA) did not modify the child support obligation imposed in the couple's original Decree of Dissolution.

On March 6, 1981, Willo petitioned for dissolution of marriage in Fergus County Cause No. 24770. District Court Judge LeRoy McKinnon dissolved Willo's and Thomas's marriage on July 28, 1981, and awarded Willo custody of Joesanha, the couple's 2½-year-old child. Thomas was ordered to pay child support in the amount of $225 per month until Joesanha reached 18 years of age or graduated from high school.

Thomas paid that amount through 1981, but became delinquent in 1982 after Willo and Joesanha moved to Washington state. In November 1982, Willo commenced an action under URESA in the Fergus County District Court, under Cause No. 25137, to recover the delinquencies. Neither party petitioned for a modification of the

2

support provisions contained in the divorce decree; the URESA action was initiated to enforce Thomas's existing support obligation.

In an order signed December 6, 1982, pursuant to the URESA action, Judge McKinnon ordered Thomas to pay $130 per month until Joesanha's emancipation, or further order of the court. The URESA order made no reference to the underlying divorce decree or the support order under Cause No. 24770.

Thomas has since made monthly payments of $130, which were credited toward URESA Cause No. 25137 and transferred to the Clerk of Superior Court in Pullman, Washington, for payment to Willo.

In September 1991, Willo brought an action in the Fergus County District Court alleging that Thomas has not satisfied his original $225 monthly support obligations. Willo claimed that Judge McKinnon's URESA order, while requiring payments of $130 per month, had not modified the support provisions of the original divorce decree. The District Court, under Judge Peter Rapkoch, agreed with Willo, and awarded a judgment of $12,919.50 for past due child support and interest through March 1992. Notice of entry of judgment was filed on April 12, 1992. Thomas appeals.

Thomas concedes that the law is well settled in this area but advocates the application of equitable principles.

Section 40-4-208, MCA, sets forth the requirements for court modification of a support decree, and provides that a dissolution decree can be modified "only as to installments accruing subsequent to actual notice to the parties of a motion for modification."

3

(Emphasis added.) We have consistently interpreted the statutes in the child support area very strictly, as evidenced by our recent holding in *In re the Marriage of Durbin* (1991), 251 Mont. 51, 823 P.2d 243. In that case, we pointed out that a child support provision in a divorce decree cannot be modified absent a motion under § 40-4-208, MCA. *Durbin* exemplifies our reluctance to waive, or loosely construe, statutory requirements in this area. We held that even the receipt of Social Security benefits on behalf of the child did not justify an equitable modification of a support obligation, absent a court order to modify under § 40-4-208, MCA.

There is no evidence that either Willo or Thomas ever sought modification of the original divorce decree by a motion under § 40-4-208, MCA, and there has never been a court order pursuant to Cause No. 24770 modifying the original order. Consequently, we conclude there has been no modification of Thomas's $225 per month support obligation entered in 1981 under Cause No. 24770.

Thomas contends that the URESA action modified the original obligation, and that he relied in good faith on this modification since 1982.

The Uniform Reciprocal Enforcement of Support Act was adopted by Montana in 1961 to provide an auxiliary or supplemental remedy for the enforcement of support orders. While a court in a URESA proceeding looks to the ability of the obligor to pay at the time of the enforcement proceeding, the authority of the court originally ordering payment in not affected. Nor is its order

4

modified by an order of a court fixing another or different sum pursuant to the URESA action. *Despain v. Despain* (Idaho 1956), 300 P.2d 500 (cited with approval in *Howard v. Howard* (Miss. 1966), 191 So.2d 528; *Oglesby v. Oglesby* (Utah 1973), 510 P.2d 1106).

> Section 40-5-132, MCA, which codifies URESA, provides that:
>
> A support order made by a court of this state pursuant to this part [URESA] does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law . . . unless otherwise specifically provided by the court.

We held in *Campbell v. Jenne* (1977), 172 Mont. 219, 223, 563 P.2d 574, 577, that URESA support orders which do not reference prior support awards do not modify them. Furthermore, under Montana law, we have clearly stated that child support modification and URESA actions do not merge. A request for modification of a divorce decree is separate and distinct from an action arising under URESA. *Oregon ex rel. Worden v. Drinkwalter* (1985), 216 Mont. 9, 700 P.2d 150.

In this case, the URESA order (Cause No. 25137) did not refer to the underlying support order in Cause No. 24770, and neither party ever sought modification of the order as required by statute. We hold that the District Court correctly concluded that the original support order requiring Thomas to pay $225 per month was valid and had not been modified by the URESA enforcement action initiated by Willo.

Finally, Thomas argues that if the original support order was not modified by the URESA action, equity should intervene and bar Willo's attempt to collect nine years of past due support payments

5

under the doctrine of laches. However, the public policy of this state is that neither laches nor equitable estoppel applies to the recovery of child support arrears because children's rights are at stake and will not be sacrificed by inaction of the custodial parent. *Fitzgerald v. Fitzgerald* (1980), 190 Mont. 66, 618 P.2d 867. Though one might reasonably expect the custodian to promptly seek enforcement of a support order, failure of the custodian to do so does not benefit the person failing to pay by relieving them of that duty. *Fitzgerald*, 618 P.2d at 869 (citing with approval *Paterson v. Paterson* (Wis. 1976), 242 N.W.2d 907).

Despite our refusal to apply laches to the recovery of past due child support obligations, we recently held the ten year statute of limitations for actions upon court judgments or decrees, § 27-2-201(1), MCA, applicable to actions by one parent against the other for past due child support. *In re the Marriage of Hooper & Crittendon* (1991), 247 Mont. 322, 327, 806 P.2d 541, 544. Because all of the amounts Willo sought had accrued within the ten-year period prior to the filing of this action, the District Court was correct in concluding that all past due payments were recoverable.

For these reasons, the decision of the District Court is affirmed.

_____
Justice

6

We concur:

_John Conway Harrison_

_Karla M. Gray_

_William E Hunt Sr_

_R. C. McDonough_
Justices

December 17, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


JACK R. STONE
Attorney at Law
Rt. 3, Box 3126
Lewistown, MT   59457

James D. Elshoff
Attorney at Law
P.O. Box 2323
Great Falls, MT   59403


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy