No. 93-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF
JODY BROWN,
     Petitioner and Respondent,

  and

STEPHEN BROWN,
     Respondent and Appellant.



FILED

JAN 13 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Curtis G. Thompson and Patrick R. Watt, Jardine,
          Stephenson, Blewett & Weaver, Great Falls, Montana

     For Respondent:

          Antonia P. Marra, Bell & Marra, Great Falls, Montana

Submitted on Briefs:  November 18, 1993

Decided:  January 13, 1994

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an order of the Eighth Judicial District Court, Cascade County, in a dissolution action. We affirm.

We restate the issues on appeal as follows:

1. Did Jody's URESA action modify the underlying order for child support?

2. Were Jody's claims for child support obligations accruing more than ten years before the filing date of her Motion for Enforcement of the Divorce Decree and Order to Show Cause time-barred by § 27-2-201, MCA?

3. Did the District Court err when it computed Stephen's past and current child support obligations?

The petitioner, Jody Brown (Jody) and the respondent Stephen Brown (Stephen) were married in Helena, Montana on April 22, 1972. The marriage was dissolved on July 23, 1979, Jody was given custody of the three minor children and Stephen was granted reasonable visitation and was ordered to pay $125 per child per month for child support.

Jody encountered problems obtaining her child support payments from Stephen. In the fall of 1979, Stephen was ordered to show cause for noncompliance with the dissolution decree and was ordered to pay child support. Stephen still did not fulfill his child support obligations, and in March of 1982, Jody brought an action against Stephen under the Revised Uniform Reciprocal Enforcement of Support Act (1968), §§ 40-5-101, MCA, et seq., (URESA) to obtain

2

the child support monies to which she was entitled.

As a result of her bringing that action, Jody and Stephen executed a written stipulation stating that Stephen was in arrears in his child support payments in the amount of $16,425.00 through July 1982, and pursuant to which he agreed to pay $60 per week for child support, those payments to continue until further order of the court.

The Stipulation was dated "___ day of August, 1982" and was signed by both parties. On September 3, 1982, the District Judge signed an Order (which immediately followed the parties signatures on the same page). That Order "... entered [the stipulation] as an Order of the Court ...," enforceable by contempt, and, along with the Stipulation, was filed with the Clerk of Court on that same date.

On June 3, 1992, venue of the case was transferred from Lewis and Clark County to Cascade County. On June 19, 1992, still unable to collect her child support, Jody filed a Motion for Enforcement of the Dissolution Decree and for an Order to Show Cause why the decree should not be enforced.

In its February 26, 1993, Memorandum and Order, the District Court concluded that the Stipulation and Order of September 3, 1982, did not modify the original dissolution decree and that the statute of limitations did not bar Jody from recovering child support due prior to August 1982. The court calculated the back child support owed at $58,800.00 and ordered Stephen to pay child support in the amount of $125 per child per month as ordered in the

3

original decree. The court allowed Stephen credits amounting to $8,031.65, leaving a balance of $50,768.35. Stephen appeals from this order.

The standard of review of the trial court's findings relating to child support is that a presumption exists in favor of the trial court, and we will not overturn its findings unless the court has abused its discretion. In re Marriage of Nikolaisen (1993), 257 Mont. 1, 8, 847 P.2d 287, 291. Our standard of review of the trial court's conclusions of law on such matters is whether its conclusions are correct. Burris v. Burris (1993), ___ Mont. ___, 852 P.2d 616, 619.

## I. MODIFICATION OF ORIGINAL DISSOLUTION DECREE

Stephen contends that the trial court erred when it ruled that the stipulation did not modify the underlying child support obligation established in the decree of dissolution. Jody states that URESA is an enforcement procedure and does not modify the underlying judgment unless so stated. We agree with Jody's analysis of this issue.

Our decision in In re Marriage of Petranek (1992), 255 Mont. 458, 843 P.2d 784, is dispositive. In that case, noting that URESA was adopted to "...provide an auxiliary or supplemental remedy for the enforcement of support orders...", we stated:

> While a court in a URESA proceeding looks to the ability of the obligor to pay at the time of the enforcement proceeding, the authority of the court originally ordering payment in (sic) not affected. Nor is its order modified by an order of a court fixing another or different sum pursuant to the URESA action. ...
>
> ... URESA support orders which do not reference prior

4

support awards do not modify them. Furthermore, under Montana law, we have clearly stated that child support modification and URESA actions do not merge. A request for modification of a divorce decree is separate and distinct from an action arising under URESA.

Petranek, 843 P.2d at 786. (Citations omitted.)

In the instant case, the 1982 Stipulation provides in pertinent part that:

IV.

This Stipulation does not act as a waiver of any legal arrearages, totalling $16,425.00 through July 1982, only as an agreement, that at present, URESA enforcement shall only be obtained on the agreed amount set forth above [$60 per week].

The 1982 Stipulation and Order does not reference the underlying child support award nor did either party file a motion to modify the underlying dissolution decree. There is absolutely nothing in the Stipulation or court Order modifying the original child support order. The Stipulation and Order deal only with enforcement of the support obligation contained in the original decree of dissolution. We hold that the District Court correctly concluded that the original dissolution decree which required Stephen to pay $125 per child per month remained valid and was not modified by the 1982 Stipulation and Order.

## II. STATUTE OF LIMITATIONS

Stephen argues that the District Court erroneously determined that the 1982 Stipulation tolled the 10 year statute of limitations applicable to the enforcement of past due child support obligations. He claims the court also erred by concluding that periodic payments by Stephen revived the statute each time a

5

payment was made. Jody counters that the arrearages from prior to August 1982 are within the statute of limitations because the URESA action of 1982, accompanying Stipulation and subsequent periodic support payments tolled the statute of limitations, and that, therefore, Stephen owes all arrearages, including those due prior to August of 1982. We conclude that the District Court's decision was correct and affirm, although, not for the reasons expressed in the court's Memorandum and Order. Wolfe v. Webb (1992), 251 Mont. 217, 234, 824 P.2d 240, 250.

In Marriage of Hooper (Crittendon) (1991), 247 Mont. 322, 327, 806 P.2d 541, 544, we referred to the majority rule that "each child support payment becomes a separate, final judgment as of its date of accrual, [and that] the statute of limitations pertaining to final judgments applies," and quoted In re Marriage of Sabo (1986), 224 Mont. 252, 254, 730 P.2d 1112, 1113, for the rule that each child support payment "becomes a judgment debt similar to any other judgment for money."

The statute of limitations for the commencement of an action on a judgment is § 27-2-201, MCA, and we have held that statute is the appropriate statute of limitations for the commencement of actions to enforce child support decrees. Hooper, 806 P.2d at 544. See also Petranek, 843 P.2d at 787.

Section 27-2-201(1), MCA, provides that "the period prescribed for the commencement of an action upon a judgment or decree of any court of record of the United States or of any state within the United States is within 10 years."

6

Therefore, as each child support payment obligation comes due, that payment obligation becomes a judgment, and the 10 year statute of limitations commences to run on the accrual date of that judgment with respect to an action to enforce that judgment.

In this case, applying the above rules, an action to collect child support arrearages (judgments) would be time-barred as to payments (judgments) accruing prior to June 19, 1982 -- 10 years prior to the date that Jody filed her Motion for Enforcement on June 19, 1992.

Jody, however, claims that the statute of limitations was tolled for two reasons. First, Jody claims that the 1982 URESA action and subsequent stipulation tolled the statute of limitations. Second, she contends that partial payments made on child support due also tolled the statute of limitations. The District Court based its decision on Jody's second argument, and, it appears, also implicitly agreed with her first argument.

In March 1982, Jody filed a URESA action for enforcement of Stephen's support obligations because Stephen would not comply with the child support order from the dissolution decree. In August 1982, in settlement of the URESA action, Jody and Stephen signed a stipulation acknowledging that Stephen was in arrears for child support in the amount of $16,425.00 through July 1982 and that henceforth, he would pay the amount of $60 per week. On September 3, 1982, the trial court ordered that the Stipulation be entered as an order of the court.

Jody contends that the URESA action was a suit to enforce or

collect a judgment as contemplated by § 27-2-201, MCA, and that the court's September 3, 1982, Order merged the various original monthly judgments into a single new judgment as of that date. In making that argument Jody cites provisions of the Uniform Interstate Family Support Act (UIFSA), enacted at Ch. 328, L., 1993, and effective October 1, 1993. While UIFSA replaced URESA, with some of the earlier provisions being repealed, Jody's action was brought under the earlier URESA.

That aside, we do not find it necessary, for purposes of this case, to determine whether an action brought under UIFSA or URESA is an action to collect a judgment for purposes of renewing the 10 year statute of limitations because the September 3, 1982, Order was not a judgment for the $16,425.00 child support arrearages acknowledged by the parties in the Stipulation. The District Court simply entered an order to enforce the payment provisions of the parties Stipulation pursuant to its terms.

That is not to say, however, that the statute of limitations was not tolled. While the Stipulation and September 3, 1982, Order did not modify or affect the underlying judgment of the dissolution decree, and while the Order did not create and merge into a single new judgment, the various prior unsatisfied judgments under the dissolution decree, by their Stipulation, the parties did acknowledge the existence of the unsatisfied judgments prior to the Stipulation. It was that acknowledgement which tolled the statute of limitations.

Dodd v. Simon (1942), 113 Mont. 536, 129 P.2d 224, is

8

dispositive on this point. Dodd is factually dissimilar to the instant case but the principle drawn from Dodd applies here. The acknowledgement of a judgment unsatisfied, made in open court, will toll the statute of limitations. In that case we stated:

> The stipulation made on September 20, 1935, likewise had the effect of tolling the statute limiting to ten years the time of effectiveness of the judgment. It was an acknowledgement of the existence of the judgment unsatisfied, made in open court, and intended for the court to act upon in administering the rights of the parties with respect to the matter of possession, and as determined by the judgment. (31 Am. Jur., Judgments, sec. 398; annotation 21 A. L. R. 1061.) While there is divergency of views on the question, the cases holding that a statute limiting the time of effectiveness of a judgment may be tolled by acknowledgment of the judgment seem to establish the majority rule, and which we follow. While the cases cited in the annotations above referred to deal with judgments for the recovery of money, we can see no reason why the rule should not be applied to judgments for recovery of possession of real property. [Citation omitted.]

Dodd, 129 P.2d at 228-229.

That the rule followed in Dodd has remained viable since that decision was handed down is, perhaps, best underscored by the amendment of § 27-2-409, MCA, in 1987 to provide, in pertinent part that:

> [a]n acknowledgement . . . of a debt is sufficient evidence to cause the relevant statute of limitations to begin running anew. . . . An acknowledgement must be contained in some writing signed by the party charged thereby.

Here, the Stipulation acknowledges that there exist legal arrearages totalling $16,425.00 through July of 1982. At no time did Stephen ever dispute the pre-August, 1982 arrearages total of $16,425.00, and while, as he now argues, he may not have had the intent to create or renew the prior judgments for unpaid child

9

support, he nevertheless, acknowledged the existence and amount of such arrearages (judgments) in writing, in open court for the purpose of obtaining the court's blessing on his temporarily paying less per month than he was obligated under the dissolution decree. Stephen signed this Stipulation and the Stipulation was then entered as an order of the court without any qualification on his part as to the existence or amount of the arrearages set forth in the Stipulation.

Stephen cannot have it both ways. He cannot, on the one hand, stipulate in writing, in open court as to the existence and amount of his child support arrearages in order to gain the advantage of the Stipulation and Order, and, on the other hand, then deny the legal effect of his admissions. Under the circumstances, we conclude that the Stipulation was an acknowledgement by Stephen of pre-August 1982 child support judgments, unsatisfied, made in open court, and, that under the rule expressed in Dodd, that acknowledgement served to toll the statute of limitations applicable to the enforcement of each unsatisfied monthly child support judgment not already time-barred.

Since the dissolution degree was entered on July 23, 1979, none of the unsatisfied monthly child support judgments were yet time-barred in 1982, and, accordingly, the 10 year statute of limitations commenced to run anew on all such judgments through July 1982, on the date Stephen signed the Stipulation and acknowledged such unsatisfied judgments in open court. Accordingly, Jody's Motion to Enforce the Dissolution Decree, filed

10

June 19, 1992, was within the 10 year statute of limitations for the commencement of an action to collect or enforce a judgment. We, therefore, hold that the District Court was correct in including the full amount of Stephen's child support arrearages through July 1982, amounting to $16,425.00, in its calculation of past due child support.

Having determined that Jody's enforcement action as to all of Stephen's delinquent child support payments was not time-barred and that the District Court correctly included all of Stephen's unsatisfied child support obligations in its calculation of past due support, we do not reach Jody's second argument, or the District Court's determination that the statute of limitations was tolled by Stephen's partial payments of child support made periodically to Jody.

III. STEPHEN'S PAST AND CURRENT CHILD SUPPORT OBLIGATIONS

We find no abuse of discretion or legal basis on which to overturn the District Court's calculation of Stephen's past and current child support obligations as set forth in its Memorandum and Order dated February 26, 1993.

AFFIRMED.

_____
Justice

We Concur:

John Conway Harrison.

William E. Hunth

11

_____

_____
Justices