No. 00-472

IN THE SUPREME COURT OF THE STATE OF MONTANA
2001 MT 107N

IN RE THE MARRIAGE OF:

PAMELA ELLEN LONG, n/k/a

PAMELA ELLEN MALINIAK,

Petitioner and Appellant,

v.

EARL ROBERT LONG,

Respondent and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark R. Sullivan, Attorney at Law, Kalispell, Montana

For Respondent:

C. Mark Hash, Hash & O'Brien, Kalispell, Montana

---

Submitted on Briefs: February 16, 2001

Decided: June 19, 2001

Filed:

---

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1  Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal

Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Petitioner, Pamela Long, filed a motion for contempt and a motion to modify her decree of dissolution in the District Court for the 11th Judicial District in Flathead County on September 13, 1993. The District Court granted both motions. The Respondent, Earl Long, who did not attend the hearing, filed a motion to set aside the order. The Court did not respond to the motion and Earl appealed to this Court. We reversed and remanded the case on December 23, 1994, for a rehearing because no record existed from the first hearing. After a second hearing, the District Court denied both motions. Pamela appeals from the District Court orders. We affirm the orders of the District Court.

¶3 Pamela raises two issues on appeal:

¶4 (1) Did the District court err when it denied Pamela's motion for contempt?

¶5 (2) Did the District Court err when it denied Pamela's motion to modify the decree?

## FACTUAL BACKGROUND

¶6 Pamela and Earl Long's marriage was dissolved on April 16, 1985, in the District Court for the 11th Judicial District in Flathead County. The decree of dissolution required that Earl pay child support for their three children in the amount of $100.00 per month. Earl was unemployed at the time of the dissolution. The court ordered Earl to notify the court within two weeks after obtaining employment so that the court could reevaluate his child support obligation.

¶7 After the original decree was entered, Pamela applied for and began receiving Aid for Families with Dependent Children. Earl received a letter from the Flathead County Support Division directing that he make all further child support payments to the Department of Revenue, Child Support Enforcement Division Program, in

Helena, Montana. It also informed him to make all inquiries through them in the future. Earl moved to Seattle, Washington, and found employment with the Boeing corporation. The Child Support Enforcement Division subsequently assigned his case to the State of Washington Department of Social and Health Services, Office of Support Enforcement. After his move he did not notify the district court that he had obtained employment. However, he did provide all financial and employment information to either the Montana Child Support Division or the Washington Office of Support Enforcement.

¶8  On September 14, 1993, Pamela filed a motion to modify the dissolution decree and a motion for contempt for Earl's failure to notify the court regarding his employment status. Pamela included an affidavit attesting to her knowledge that Earl had been working for Boeing for at least five years. Earl did not attend the hearing. Instead, he sent a response along with financial information directly to the court. However, the court chose not to consider that information because Pamela's attorney did not receive a copy of it prior to the hearing.

¶9  The hearing occurred on March 16, 1994. The District Court granted both motions. The Court held that Earl owed $32,044 for past due child support and modified the original decree to require that Earl pay $756 per month for child support in the future. The Court also required that Earl pay Pamela's attorney's fees and costs. Earl filed a motion to set aside the judgment, pursuant to Rule 60, M.R. Civ.P. However, Earl's motion was not addressed by the Court within 45 days and was, therefore, deemed denied as a matter of law. Earl then appealed to the Montana Supreme Court. We concluded that we were unable to decide the merits of the appeal without a transcript or trial record. Therefore, we reversed and remanded the case to the District Court for a rehearing.

¶10  After the rehearing, at which both parties were present, the District Court denied both motions.

## DISCUSSION
## ISSUE ONE

¶11  Did the District court err when it denied Pamela's motion for contempt?

¶12 Unlike contempt orders in other types of cases which are only reviewable by a writ of certiorari, Montana has carved out an exception in family law cases at §3-1-523, MCA. *See In Re Marriage of Baer,* 1998 MT 29 ¶42, 287 Mont. 322, ¶42, 954 P.2d 1125 ¶42. In *Lee v. Lee*, 2000 MT 67, 229 Mont. 78, 996 P.2d 389, we further clarified the law in this area. We held in *Lee*, that "the 'family law' direct appeal exception established in our case law applies when, and only when, the judgment appealed from includes an ancillary order which effects the substantial rights of the involved parties." *Lee,* ¶37. The Montana Legislature recently updated §3-1-523, MCA (2001) in order to reflect this clarification. We conclude that the District Court's denial of contempt contained an ancillary order - the denial of Pamela's motion to require a retroactive increase in child support, and therefore, the direct appeal review is applicable here.

¶13 The District Court determined that pursuant to §3-1-501, the motion for contempt must fail for a lack of jurisdiction. However, Pamela contends that the contempt motion should be determined pursuant to §40-5-601, MCA, which provides for civil contempt for nonsupport in child support cases, and therefore the District Court erred when it relied on §3-1-501 to conclude that the jurisdictional requirements were not met. Pursuant to §40-5-601, a defendant is in contempt when he or she has been ordered by a court to pay support, the defendant is aware of the order, and then fails to pay the court-ordered child support. §40-5-601, MCA. Here, the support order in the dissolution decree required that Earl pay $100.00 every month. According to the record, Earl complied with the order, and therefore is not in contempt of court pursuant to §40-5-601, MCA.

¶14 However, Earl failed to notify the court that he found employment despite a court order requiring that he do so. Accordingly, we conclude that the District Court correctly considered Pamela's motion pursuant to §3-1-501(1)(e) which provides that a person can be held in contempt for "disobedience of any lawful judgment, order or process of the court." Pursuant to §3-1-512, an affidavit setting forth the facts constituting the contempt must be presented to the court. Although Pamela included an affidavit with her motion for contempt, the affidavit did not set forth facts which when considered alone constituted contempt. Pamela's affidavit states only that Earl had been employed since 1989 but that fact alone does not constitute contempt of the original decree. Pamela failed to articulate that Earl's employment status violates the court order because of his failure to notify the court. We,

therefore, conclude that the District Court did not err when it held that Pamela's affidavit was inadequate. However, if this procedural deficiency is excused in order to reach the merits of Pamela's claim, the result is the same.

¶15 The District Court also found that the "[r]espondent is not in contempt of this Court's Order because he did comply with the intent and spirit thereof." The record demonstrates that soon after the dissolution was final, Pamela started receiving AFDC. The State of Montana sent Earl a letter in which he was instructed to communicate with them directly on all child support matters and to send all child support payments to them. When he moved to Washington, the State of Washington took over the receipt of his child support payments. He testified that he informed the state office of his address and employment and offered to send payments directly but the child support office preferred to garnish his wages. While Earl may not have literally complied with the court's directive, his omission is understandable in the face of inconsistent subsequent instruction from another branch of state government. According to the record, Earl was current in his child support payments. In addition, Earl provided his employment information to what he thought was the proper agency.

¶16 We agree with the District Court that Earl complied with the spirit and intent of the decree and should not be held in contempt for his failure to notify the court after obtaining employment. Accordingly, we conclude that the District Court acted within its jurisdiction and that substantial evidence supports the District Court's decision to deny Pamela's motion for contempt.

## ISSUE TWO

¶17 Did the District Court err when it denied Pamela's motion to modify the decree?

¶18 We review decisions regarding the modification of child support to determine whether the District Court abused its discretion. *In re Marriage of Kovash* (1995), 270 Mont. 517, 521, 893 P.2d 860, 863.

¶19 Pamela contends that the District Court erred by not granting her motion to require a retroactive increase in child support payments. Since the original decree ordered Earl to notify the Court once employed so that the Court could modify child

support, Pamela contends that a retroactive increase in child support payments would have conformed with, and not modified the original decree. Earl contends, and the District Court agreed, that these would be impermissible child support arrearages pursuant to §40-4-208, MCA. The original dissolution decree provided child support payments in the amount of $100.00. Although the decree included a provision requiring that Earl notify the court upon obtaining employment, the child support amount could not be modified absent a motion asking the court to do so. Therefore, §40-4-208, MCA, is applicable.

¶20  Pursuant to §40-4-208(1),"[e]xcept as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing *subsequent to actual notice* to the parties of the motion for modification." This statutory provision must be strictly construed. *In re Marriage of Petranek* (1992), 255 Mont. 458, 460, 843 P.2d 784, 786. According to *In re Marriage of Widalm*, "a retroactive child support obligation cannot be imposed in the face of a clear statutory mandate to the contrary and without any justification which might serve to override that mandate." 279 Mont. 97, b101-102, 926 P.2d 748, 750. Pamela failed to offer any justification to override this clear statutory mandate. In fact, Pamela provided no reasonable explanation for not moving for modification as soon as she became aware of Earl's employment.

¶21  Therefore, we conclude that the District Court did not abuse its discretion when it denied Pamela's motion to modify the dissolution decree.

¶22  We affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

No

/S/ JIM REGNIER

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON