FILED

06/18/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0478

DA 23-0478

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 131N

TAMMY BOUDETTE, n/k/a
TAMMY OSKERSON,

        Petitioner and Appellee,

   v.

DANIEL BOUDETTE,

        Respondent and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Broadwater, Cause No. CDR-2020-14
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Daniel B. Boudette, Self-Represented, Townsend, Montana

      For Appellee:

          Adam H. Owens, Granite Peak Law, PLLC, Belgrade, Montana

Submitted on Briefs:  May 1, 2024

Decided:  June 18, 2024

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2   Daniel B. Boudette (Boudette) appeals the order of the First Judicial District Court, Broadwater County, which confirmed the Montana registration of an Arizona child support order obligating Boudette to pay child support to Tammy Boudette, n/k/a Tammy Oskerson, (Oskerson) for their two children. Boudette argues that: (1) the District Court erred by registering a foreign support order that was time-barred pursuant to § 25-9-301(3), MCA; (2) Oskerson's prior assignment of her right to child support to the State of Arizona denied her standing to bring her action in the District Court; and (3) Boudette was denied due process.

¶3   "We review a district court's conclusions of law for correctness." *In re Marriage of Simpson*, 2018 MT 281, ¶ 10, 393 Mont. 340, 430 P.3d 999 (citation omitted). Finding no error of law in the District Court's determinations, we affirm.

¶4   Related to the parties' dissolution of marriage, the Superior Court of Yavapai County, Arizona, entered a child support order in November 2009 requiring Boudette to pay Oskerson child support for their then-minor children. The child support order included a lump sum judgment for past support, as well as monthly obligations presumed to terminate in January 2012, when the parties' youngest child reached the age of majority.

2

The State of Arizona referred the child support order to the Montana Child Support Services Division (CSSD) for enforcement against Boudette, who lived in Montana.

¶5 On June 8, 2020, Oskerson filed her petition in Broadwater County District Court to register and enforce the Arizona child support order (Petition) pursuant to the Uniform Interstate Family Support Act (UIFSA), codified at Title 40, chapter 5, MCA. By the time of Oskerson's filing, Boudette had paid off the Arizona lump sum judgment for past support and had partially paid the monthly obligations, leaving a remaining arrearage that included interest.

¶6 During the approximately two years after the Petition was filed, Boudette unsuccessfully attempted to remove determination of the Petition to a Montana bankruptcy court, and Oskerson sought a bankruptcy court determination of the dischargeability of judgments awarded in the parties' dissolution, including the Arizona child support order. The bankruptcy proceedings concluded in mid-March 2022. Oskerson filed for entry of default on the Petition on June 3, 2022. A clerk's entry of default was granted on June 9, 2022.

¶7 The District Court vacated the entry of default in August 2022 and provided notice to Boudette of his right under UIFSA to request a hearing contesting the validity or enforcement of the Arizona child support order. Both parties filed requests for hearing. The District Court held a hearing on July 21, 2023, and issued the Order Confirming

Registration (Order) the following month.  We consider this appeal on the District Court record.[1]

¶8      Boudette contends that Oskerson's Petition is time-barred under the statute of limitations prescribed by § 25-9-301, MCA.  He further alleges the period for consideration under that statute begins May 3, 2012, when he asserts CSSD entered a formal lump sum arrearage order.  Because the Order was not filed until August 4, 2023, Boudette argues, it exceeds the ten-year statutory period.

¶9      Under UIFSA, a statute of limitations defense is available to contest the validity or enforcement of a registered support order or to seek to vacate the registration of an order issued by another state.  Section 40-5-1061(1)(g), MCA.  Boudette's argument that § 25-9-301(3), MCA, controls is misplaced.  That section concerns the time for expiration of a judgment lien following the entry of judgment.  Instead, the "statute of limitations for the commencement of an action on a judgment is § 27-2-201, MCA, and we have held that statute is the appropriate statute of limitations for the commencement of actions to enforce child support decrees."  *In re Marriage of Brown*, 263 Mont. 184, 189, 867 P.2d 381, 383 (1994) (citations omitted).  We therefore look to § 27-2-201, MCA, to determine if Oskerson's Petition was timely filed.

¶10     Under § 27-2-201(4), MCA, the period for commencing an action for past due child support accrued under a support order issued in another state is "as provided in subsection

[1] Appellant Boudette did not provide the Court with a transcript as per M. R. App. P. 8; therefore, we consider this appeal based only on the District Court file and exhibits presented at the July 21, 2023, hearing.

4

(3) or as provided in the law of the issuing jurisdiction, whichever period is longer." Subsection (3) provides that collection of child support must commence "within 10 years of the termination of support obligation or within 10 years from entry of a lump-sum judgment or order for support arrears, whichever is later." Section 27-2-201(3), MCA. Further, we have determined that "as each child support payment obligation comes due, that payment obligation becomes a judgment, and the 10[-]year statute of limitations commences to run on the accrual date of that judgment with respect to an action to enforce that judgment." *Brown*, 263 Mont. at 189, 867 P.2d at 384.

¶11    Oskerson's Petition is timely. Boudette owed monthly child support through January 2012, when the parties' youngest child reached 18 years of age. Oskerson argues the arrearage from Boudette's failure to pay full monthly support in the past came due as a lump sum judgment in January 2012. Boudette argues a lump sum judgment took effect for arrearage as of May 3, 2012. Oskerson commenced the UIFSA action when she filed the Petition on June 8, 2020. Oskerson's June 8, 2020, Petition was filed within ten years of either January or May 2012 and was therefore timely pursuant to the Montana statute of limitations.[2] Boudette's reliance on the August 4, 2023 entry of the District Court's order confirming registration again is misplaced. A statute of limitations governs when an action must be *commenced*, not when it must be *decided*.

---

[2] Oskerson argues that Arizona has no limitations period for an action to enforce past due child support. Boudette has not addressed this argument, but presuming a longer Arizona statute of limitations also would mean that Oskerson's Petition was filed timely.

5

¶12 Boudette also contends that Oskerson has no standing to seek to register the Arizona child support order in Montana as she received cash assistance in Arizona and child support enforcement services in Montana, assigning her rights to child support to CSSD and foreclosing her rights to seek relief pursuant to her Petition.

¶13 Notice and an opportunity to participate in an action regarding child support generally must be given to CSSD if it is providing services regarding a child support obligation. Section 40-5-202, MCA. The record in this case does not demonstrate that Oskerson received cash assistance in either Arizona or Montana or that she assigned her rights to pursue child support to either state. It is undisputed, however, that she is receiving services from CSSD to enforce the Arizona child support order, with any consequent rights of CSSD to be notified and appear to pursue any interests it may have. It also is undisputed that CSSD attended and participated in the hearing, allowing it an opportunity to represent its interests in relation to Oskerson's Petition.[3] CSSD's participation did not deprive Oskerson, the obligee of the child support order, of her standing to seek its enforcement.

¶14 Last, Boudette contends that his due process rights were violated by the extraordinary delay and proceedings, which do not comport with principles of fair play. Boudette points to the length of time between the filing of the Petition and the resulting Order. He also argues that the District Court did not allow him to present evidence that his Arizona child support obligation had been dismissed. He asserts that the District Court

---

[3] Not only did CSSD appear at the hearing, but it appeared only after CSSD unsuccessfully moved to quash Boudette's subpoena of the CSSD employee, asserting among other bases that CSSD was not a party to the action and that there was nothing in the CSSD file, nor anything the employee could testify about, regarding the defenses under § 40-5-1061(1), MCA.

blocked his attempt to provide evidence of Oskerson's assignment of child support claims to CSSD.

¶15 Article II, Section 17 of the Montana Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." The right to notice and hearing arises due to an "actual or threatened deprivation of a person's life, liberty, or property," such as when a collection action is initiated against a "child support debtor's property, usually the debtor's money . . . ." *Emery v. Department of Pub. Health & Human Servs., Child Support Enforcement Div.,* 286 Mont. 376, 384, 950 P.2d 764, 769 (1997) (citation omitted).

¶16 Approximately three years passed between the filing of the Petition and the resulting Order. The matter sat largely dormant for approximately two years due to the parties' involvement in bankruptcy proceedings. Although Boudette was not initially provided with UIFSA notice of his right to request a hearing, he used that fact to successfully challenge entry of default against him and then was provided the formal UIFSA notice, from which he requested and received a hearing.[4] After the hearing was scheduled, the parties engaged in litigation regarding Boudette's subpoena of a CSSD employee, further prolonging the case.

---

[4] Boudette's request for hearing did not immediately result in a scheduled hearing. While not clear why a hearing was not scheduled until after Oskerson's attorney also requested a hearing, it appears the reason may have been that Boudette did not include a proposed order for hearing with copies and addressed envelopes with his request, as required by Montana First Judicial District Court Local Rule 5(D).

¶17    It appears from the hearing minute entry that Boudette appeared, addressed the District Court multiple times, presented exhibits—including the order that Boudette contends dismissed his child support obligations—and called an employee from CSSD as a witness. The record as available to us shows that Boudette was afforded due process, as he received notice of Oskerson's UIFSA Petition and appeared and presented evidence and questioned witnesses at a hearing.

¶18    We conclude that the District Court correctly applied the governing law. We affirm its Order confirming the registration of the Arizona child support order, which will conclude the matter as to UIFSA defenses. "Confirmation of a registered support order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." Section 40-5-1062, MCA.

¶19    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's Order is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON