# IN RE THE MARRIAGE OF SUSAN J. PFEIFER,
## Petitioner and Respondent,
### and
# PHILLIP CHRISTOPHER MEREDITH PFEIFER,
## Respondent and Appellant.

No. 98-054.
Submitted on Briefs May 28, 1998.
Decided September 10, 1998.
1998 MT 228.
55 St.Rep. 953.
291 Mont. 23.
965 P.2d 895.

For Appellant: **Philip J. O'Connell**, Attorney at Law, Missoula.
For Respondent: **Keith W. McCurdy**; McCurdy Law Firm, Polson.
JUSTICE GRAY delivered the Opinion of the Court.

¶1 Phillip Christopher Meredith Pfeifer (Chris) appeals from the Findings of Fact, Conclusions of Law and Order entered by the Twentieth Judicial District Court, Lake County, after proceedings on remand from this Court. We affirm.

¶2 Chris raises the following separately stated, but related, issues on appeal:

¶3 1. Did the District Court exceed its jurisdiction on remand by amending the distribution of the marital estate to maintain the equitable distribution established in its original findings, conclusions and order?

¶4 2. Did the District Court ignore the law of the case by amending the distribution of the marital estate to maintain the equitable distribution established in its original findings, conclusions and order?

## BACKGROUND

¶5 Susan J. Pfeifer (Sue) and Chris married in 1988 and had one child. Their marriage was dissolved in 1995, at which time the District Court designated Sue as the minor child's primary residential custodian and set child support in the amount of $6,977 per month, but declined to award Sue maintenance. The court also valued the marital estate at $2,560,644 and equitably distributed the property—in part, by giving Sue a possessory interest in the family home and 160 acres for 11½ years, with that interest valued at $552,000, and by crediting her with that amount in distributing the marital estate. Finally, Sue was awarded attorney fees.

¶6 Both Chris and Sue appealed. *Pfeifer v. Pfeifer* (1997), 282 Mont. 461, 465, 938 P.2d 684, 687 (*Pfeifer I*). We reversed the award of attorney fees to Sue, determined that the District Court's findings regarding Sue's contribution to the marital estate were not clearly erroneous, concluded that the court had not abused its discretion by failing to award Sue sufficient income-producing property, upheld the court's decision to include certain loans as debt chargeable to the marital estate, affirmed the court's decision not to award maintenance to Sue and determined that the court had erred in valuing Sue's possessory

interest in the family home and 160 acres. *Pfeifer I*, 282 Mont. at 466-74, 938 P.2d at 688-92. In the latter regard, we determined that the court's valuation lacked a substantial evidentiary basis and remanded "so that [the district court] may consider evidence regarding the value of Sue's possessory interest in the family home and 160 acres." *Pfeifer I*, 282 Mont. at 469, 938 P.2d at 689.

¶7 The District Court held a hearing on remand, received evidence relating to the value of Sue's possessory interest in the home and land and, thereafter, found that the value of that interest equals the $138,000 rental value of the property, rather than its original valuation of that interest at $552,000. Sue contended that the decrease in value of her possessory interest also required corresponding corrections to the value of the marital estate and redistribution of that estate to maintain the approximately equal distributions to each party the court previously had determined to be equitable. Chris disagreed, arguing that the District Court's jurisdiction on remand was limited to redetermining the value of Sue's possessory interest in accordance with our opinion in *Pfeifer I*. The court ultimately accepted Sue's position and its amendments flowing from the redetermination of the value of Sue's possessory interest in the home and land resulted in Chris owing Sue an additional equalizing cash payment of $130,857. Chris appealed.

## STANDARD OF REVIEW

¶8 [1,2] The issues presented on appeal from a district court's distribution of marital property ordinarily involve the court's findings of fact and ultimate decision regarding the equitable distribution of the marital estate. *See, e.g., In re Marriage of Maedje* (1994), 263 Mont. 262, 868 P.2d 580. In such cases, we review the district court's findings to determine whether they are clearly erroneous; when substantial evidence supports the court's findings and judgment, we will not overturn the district court's decision unless there is an abuse of discretion. *Marriage of Maedje*, 263 Mont. at 265-66, 868 P.2d at 583 (citations omitted).

¶9 ■ Here, however, Chris neither challenges the District Court's findings of fact nor asserts error with regard to whether the court's overall distribution of the marital estate is equitable. Instead, he contends that the District Court erred as a matter of law by exceeding its jurisdiction on remand and ignoring the law of the case as stated by this Court in *Pfeifer I*. We review a district court's conclusions of law to determine whether they are correct. *Ash Grove Cement Co. v. Jeffer-*

*son County* (1997), 283 Mont. 486, 491-92, 943 P.2d 85, 89 (citation omitted).

## DISCUSSION

¶10 ■ 1. Did the District Court exceed its jurisdiction on remand by amending the distribution of the marital estate to maintain the equitable distribution established in its original findings, conclusions and order?

¶11 As noted above, the District Court revalued Sue's possessory interest in the home and land from $552,000 to $138,000. It then adjusted the total value of the marital estate accordingly and redistributed the estate to maintain the approximately equal distribution of property to each party it originally had determined to be equitable. In other words, the court essentially flowed its revaluation of Sue's possessory interest through the remainder of its valuation and distribution of the estate. Relying on *Haines Pipeline Const. v. Montana Power* (1994), 265 Mont. 282, 876 P.2d 632, *In re Marriage of Becker* (1992), 255 Mont. 357, 842 P.2d 332, and *Pfeifer I*, Chris asserts that the District Court exceeded its jurisdiction on remand when it revalued and redistributed the marital estate.

¶12 [5] Chris correctly contends that, in *Pfeifer I*, we reversed the District Court's valuation of Sue's possessory interest in the home and land and remanded for the court to "conduct a hearing where it shall consider evidence which directly addresses the value of this possessory interest." *See Pfeifer I*, 282 Mont. at 474, 938 P.2d at 693. He also is correct that, when a case is reversed and remanded, the trial court may not ignore the mandate and opinion of the reviewing court; instead, the trial court "must proceed in conformity with the views expressed by the appellate court." *See Haines Pipeline*, 265 Mont. at 290, 876 P.2d at 637 (citation omitted).

¶13 In Chris' view, our remand was narrow and permitted nothing more than a redetermination of the value of Sue's possessory interest in the home and land. He characterizes *Marriage of Becker* as a case "remarkably similar" on the facts to the case presently before us and contends that it mandates a conclusion here that the District Court exceeded its jurisdiction on remand by revaluing and redistributing the marital estate on the basis of its redetermination of the value of Sue's possessory interest. Chris' reliance on *Marriage of Becker* is misplaced.

¶14 In *Marriage of Becker*, the parties had been before us in an earlier appeal in which we determined that the trial court improperly

valued the marital real property and remanded that portion of the case for further consideration. On remand, the trial court revalued the marital real property, concluded that its jurisdiction on remand was limited to that matter and, consequently, refused the wife's request to entertain testimony or other evidence relating to the valuation of marital personal property. *Marriage of Becker*, 255 Mont. at 359, 842 P.2d at 333.

¶15 The wife appealed, arguing that the court "should have considered **all** issues pertaining to division of marital property upon remand." *Marriage of Becker*, 255 Mont. at 360, 842 P.2d at 333 (emphasis added). We observed that our instructions on remand limited the trial court to consideration of the valuation of the marital real property, and determined that the wife's argument conflicted with those instructions. On that basis, we held that the trial court did not err in limiting testimony to that related to the value of the marital real property. *Marriage of Becker*, 255 Mont. at 360, 842 P.2d at 333. Implicit in our holding was a determination that the trial court would have erred in redetermining the value of other portions of the marital estate or in reopening all issues relating to the division of that estate.

¶16 Similar to the situation in *Marriage of Becker*, we remanded in *Pfeifer I* for the consideration of evidence regarding the value of Sue's possessory interest in the home and land. *Pfeifer I*, 282 Mont. at 469, 938 P.2d at 689. In addition, the District Court here—like the court in *Marriage of Becker*—properly limited the evidence considered on remand to that specified in our remand instructions. To this extent, the present case and *Marriage of Becker* are, as Chris argues, remarkably similar.

¶17 The similarity between the two cases ends there, however. Here, unlike the wife in *Marriage of Becker*, Sue did not seek to introduce evidence of the value of portions of the marital estate unrelated to our instructions on remand or to have the court reopen and reconsider all issues pertaining to the distribution of the marital estate. She merely requested that the District Court follow through on its revaluation of her possessory interest by making corresponding changes in the valuation and distribution of the estate which would maintain the distribution originally determined to be equitable. The District Court did only that and nothing more; thus, Chris' attempt to analogize the District Court's actions subsequent to its redetermination of the value of Sue's possessory interest in the home and land to the actions we im-

plicitly determined would be erroneous in *Marriage of Becker* misses the mark.

¶18 ▆ District courts are required to equitably apportion the entirety of the marital estate. *See* § 40-4-202, MCA. They do not do so in a vacuum, of course; the distribution must be predicated on the net worth of the estate. *See, e.g., Scott v. Scott* (1990), 246 Mont. 10, 18, 803 P.2d 620, 625 (citation omitted); *In re Marriage of Gies* (1984), 210 Mont. 234, 238, 681 P.2d 1092, 1095 (citations omitted). Indeed, " '[o]nly after a finding of net worth can the trial court make an equitable apportionment.' " *Scott*, 246 Mont. at 18, 803 P.2d at 625 (citation omitted). Pursuant to these authorities, it was incumbent upon the District Court—once it redetermined the value of Sue's possessory interest, significantly decreasing the originally determined value—to flow that redetermination through the overall valuation of the marital estate and make such corresponding adjustments in the distribution of the estate as would retain the distribution earlier determined to be equitable. Moreover, to hold otherwise would be tantamount to having remanded for an ultimately "make work" redetermination by the District Court. Such an action—which would constitute an idle act by this Court and require an equally idle act by the trial court—would controvert the well-established legal maxim that "[t]he law neither does nor requires idle acts." *See* § 1-3-223, MCA.

¶19 We hold that the District Court did not exceed its jurisdiction on remand by amending the value of the marital estate based on its redetermination of the value of Sue's possessory interest and redistributing that estate to maintain the equitable distribution established in its original findings, conclusions and order.

¶20 ▆ 2. Did the District Court ignore the law of the case by amending the distribution of the marital estate to maintain the equitable distribution established in its original findings, conclusions and order?

¶21 Chris also argues that we concluded in *Pfeifer I* that the original distribution of the marital estate was equitable and, as a result, the District Court's amendment of that distribution on remand ignored the law of the case. He relies on generally applicable law of the case principles, as well as *Haines Pipeline* and *Zavarelli v. Might* (1989), 239 Mont. 120, 779 P.2d 489. While Chris properly characterizes the doctrine of law of the case and our authorities thereunder, we conclude that the law of the case is not implicated here.

¶22 ▮ Under the doctrine of the law of the case, issues addressed by this Court in a previous appeal in the same case are binding on the trial court and the parties in subsequent proceedings on remand. *Marriage of Becker*, 255 Mont. at 360, 842 P.2d at 334. In other words, once we have rendered a decision on a particular issue between the same parties in a case, that issue cannot be relitigated in a subsequent appeal. *See Marriage of Becker*, 255 Mont. at 361, 842 P.2d at 334 (citation omitted). The law of the case doctrine applies only to principles or rules of law necessary to our decision in the previous appeal. *See Haines Pipeline*, 265 Mont. at 289, 876 P.2d at 637 (citation omitted); *Zavarelli*, 239 Mont. at 124- 25, 779 P.2d at 492 (citations omitted).

¶23 According to Chris, our statement in *Pfeifer I* that "the [district] court equitably distributed the marital estate" affirmed the distribution of the estate precisely as originally allocated and bound both the parties and the District Court by that law of the case. Thus, he contends that the court ignored the law of the case in redistributing the marital estate on remand based on its redetermination of the value of Sue's possessory interest in the home and land. We disagree.

¶24 The statement from *Pfeifer I* on which Chris relies does not appear in our analysis and resolution of any of the six specific issues addressed therein. Instead, our statement that "[t]he court equitably distributed the marital estate" appears in the wrap-up section of our opinion which followed our analysis of the specific issues before us. *See Pfeifer I*, 282 Mont. at 474, 938 P.2d at 692. To that extent, the statement does not constitute a decision on a particular issue for law of the case purposes. *Marriage of Becker*, 255 Mont. at 360-61, 842 P.2d at 334 (citation omitted). Furthermore, because we had resolved the issues before us prior to that point in *Pfeifer I*, it is clear that the statement was not necessary to the decision and was, instead, *obiter dictum*. Consequently, it was not a principle or rule of law necessary to our decision so as to implicate the law of the case. *See Haines Pipeline*, 265 Mont. at 289, 876 P.2d at 637.

¶25 In essence, Chris' argument is that a district court distributes particular pieces of property on a stand-alone basis rather than as part of an equitable distribution of the marital estate. He contends that, under the law of this case, Sue remains entitled to her possessory interest in the home and land, without regard to the substantially reduced value of that interest, together with the property

earlier distributed to her and to nothing more. *Pfeifer I* does not support Chris' contention.

¶26 Moreover, as discussed above, the equitable distribution of a marital estate can only be made after the worth of the estate has been determined. *See, e.g., Scott*, 246 Mont. at 18, 803 P.2d at 625. Here, the District Court's original determination of the worth of the estate—and the 50/50 distribution it determined to be equitable based on that worth—took Sue's possessory interest into account at a value of $552,000. When the District Court redetermined the value of that interest in the substantially reduced amount of $138,000 on remand, Sue's share of the marital estate would have been substantially less than the approximately 50% originally awarded had the District Court not made corresponding adjustments first in the valuation—and then in the distribution—of the marital estate.

¶27 We hold that the District Court did not ignore the law of the case by amending the distribution of the marital estate to maintain the equitable distribution established in its original findings, conclusions and order.

¶28 Affirmed.

JUSTICES NELSON, REGNIER, TRIEWEILER and LEAPHART concur.