No. 99-194

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 100

299 Mont. 268

999 P. 2d 340

IN RE THE MARRIAGE OF

SUSAN J. PFEIFER,

Petitioner and Respondent,

and

PHILLIP CHRISTOPHER MEREDITH PFEIFER,

Respondent and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Lake,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Philip J. O'Connell, Attorney at Law; Missoula, Montana

For Respondent:

Keith W. McCurdy, McCurdy Law Firm, P.C.; Polson, Montana

_____

Submitted on Briefs: October 28, 1999

Decided: April 19, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Phillip Christopher Meredith Pfeifer appeals the January 13, 1999, Order of the Twentieth Judicial District Court, Lake County, awarding Susan J. Pfeifer postjudgment interest. We reverse.

¶2 The issues on appeal are as follows:

¶3 1. Whether the District Court erred in awarding Susan Pfeifer postjudgment interest accruing from date of the initial Decree of Dissolution?

¶4 2. Whether the District Court erred in awarding Susan Pfeifer postjudgment interest on the $62,685.48 postjudgment interest award?

## FACTUAL BACKGROUND

¶5 Phillip Christopher Meredith Pfeifer ("Chris") and Susan J. Pfeifer ("Sue") were married in Arizona in 1988. They have one child together, Barbara, who was born in 1988. In the early 1990s the marriage began to deteriorate, the parties separated, and in 1994 Sue filed a petition for dissolution. On December 15, 1995, the court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution dividing the $2,560,644 marital estate. As part of the dissolution, the court ordered Chris to make a cash payment to Sue in the amount of $400,000 and ordered Chris to pay Sue's attorney fees as well as his own.

¶6 Chris appealed the District Court's Decree of Dissolution claiming that the court erred in awarding Sue attorney fees. Sue cross-appealed, raising five issues. We reversed the award of attorney fees to Sue, determined that the District Court's findings regarding Sue's contribution to the marital estate were not clearly erroneous, concluded that the court had not abused its discretion by failing to award Sue sufficient income-producing property, upheld the court's decision to include certain loans as debt chargeable to the marital estate, affirmed the court's decision not to award maintenance to Sue, and determined that the court had erred in valuing Sue's possessory interest in the family home and 160 acres. *See In re Marriage of Pfeifer* (1997), 282 Mont. 461, 938 P.2d 684 (*Pfeifer I*).

¶7 The District Court held a hearing on remand, received evidence relating to the value of Sue's possessory interest in the home and land and, thereafter, found that the value of that interest equaled the $138,000 rental value of the property, rather than its original valuation of that interest at $552,000. Consequently, the court redistributed the value of the marital estate to maintain approximately equal distributions, which resulted in Chris owing Sue an additional equalizing cash payment of $130,857. Chris appealed and we affirmed the District Court. *In re Marriage of Pfeifer*, 1998 MT 228, 291 Mont. 23, 965 P.2d 895 (*Pfeifer II*).

¶8 This brings us to the facts of the current case. The District Court received our Remittitur in *Pfeifer I* on June 30, 1997. On July 10, 1997, Chris forwarded a $400,000 cash payment to Sue. On October 14, 1998, Sue filed a Motion for Issuance of Citation and Order to Show Cause. In this motion, Sue requested that the court require Chris to appear and show cause:

> [W]hy [Sue] should not be authorized to obtain from the Clerk of District Court a writ of execution permitting her to execute against real property owed [sic] by Petitioner [sic] in Lake County, Montana [presumably referring to property *owned* by the *Respondent*, Chris] for non payment of the cash portion of the property division as awarded by this Court's Decree of Dissolution dated December 15, 1995 as more fully appears by Petitioner's affidavit filed contemporaneously herewith.

¶9 In her accompanying affidavit, Sue acknowledged that Chris had already paid her $400,000, but claimed that the $400,000 payment should be applied as follows:

> First to the legal interest at the rate of 10% per annum . . . from December 15, 1995 [the date of the Decree of Dissolution] to date of payment in the sum of $62,685.48

and the balance of $337,314.52 applied to the principal. That there remains a principal balance due and owing to Petitioner in the sum of $62,685.48 together with interest thereon from July 10, 1997 until October 15, 1998, sum of $7,932.54 and at the rate of $17.17 per day from October 15, 1998 until paid.

¶10 On December 16, 1998, the court held a hearing and the issue of postjudgment interest was subsequently briefed by both sides. In an Order issued on January 13, 1999, the District Court awarded Sue postjudgment interest in the amount of $62,685.48 which had accrued on the $400,000 cash payment between the date of the initial Decree of Dissolution and the date Chris made payment. The court also awarded Sue interest on the $62,685.48 postjudgment interest award accruing from the date Chris made the $400,000 payment until that interest award was paid. Chris appeals.

## STANDARD OF REVIEW

¶11 Whether a party is entitled to postjudgment interest is a conclusion of law which we review de novo. *See Tipp v. Skjelset*, 1998 MT 263, ¶ 11, 291 Mont. 288, ¶ 11, 967 P.2d 787, ¶ 11.

## ISSUE ONE

¶12 Whether the District Court erred in awarding Susan Pfeifer postjudgment interest accruing from the date of the initial Decree of Dissolution?

¶13 Chris contends that Sue is not entitled to postjudgment interest on the $400,000 cash distribution because she appealed the initial distribution of the marital estate seeking a greater share and lost. Sue responds that under Rule 31, M.R.App.P., it is irrelevant who appealed or cross-appealed when determining whether a judgment creditor is entitled to postjudgment interest. Moreover, Sue asserts that the extent of the cash distribution was not at issue in *Pfeifer I*. Sue contends that had she appealed the $400,000 money judgment, the court must still award her postjudgment interest because that award was not disturbed on appeal in *Pfeifer I*.

¶14 Rule 31, M.R.App.P., provides, in relevant part:

> If a judgment for money in a civil case is *affirmed*, whatever interest is allowed by law shall be payable from the date the judgment was rendered or made in the district

court.

(Emphasis added.)

¶15 Pursuant to Rule 31, M.R.App.P., whether the District Court was correct in awarding Sue postjudgment interest on the cash distribution of the marital estate accruing from the date of its initial Decree of Dissolution until Chris made payment, depends on whether we affirmed the District Court's judgment on appeal. As part of her appeal in *Pfeifer I*, Sue contended that the District Court had erroneously valued her possessory interest in the family home. Upon review, we held that there was a lack of evidence directly addressing the value of Sue's possessory interest. Accordingly, we reversed and remanded to the District Court in order for the court to consider evidence regarding the value of Sue's possessory interest. *Pfeifer I*, 282 Mont. at 469, 938 P.2d at 689. In its Findings of Fact and Conclusions of Law on remand, the District Court reduced its valuation of Sue's possessory interest in the family home. In order to account for her reduced share of the assets of the marital estate occasioned by this reduction, the court recalculated the equalizing cash payment due from Chris, awarding Sue $530,857.

¶16 The distribution of the marital estate, and thus the cash equalization payment, was not affirmed on appeal. Rather, we reversed and, on remand, the District Court redistributed the marital assets and recalculated Chris's equalizing cash payment. Therefore, we conclude that the District Court incorrectly awarded Sue postjudgment interest on the $400,000 cash payment that was part of its initial Decree of Dissolution.

## ISSUE TWO

¶17 Whether the District Court erred in awarding Susan Pfeifer postjudgment interest on the $62,685.48?

¶18 The District Court awarded Sue postjudgment interest on the $400,000 cash distribution that was part of its initial decree, accruing from the date that decree was entered until the date Chris made payment. The court concluded that postjudgment interest had accrued in the amount of $62,685.48. Then, the court awarded Sue interest on this postjudgment interest award. Chris contends that this award of interest on the postjudgment interest award is an award of compound interest which violates § 25-9-205 (1), MCA. However, because we are reversing the District Court's award of postjudgment interest, whether the District Court erred by awarding interest on the postjudgment interest

award is moot.

¶19 Reversed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY