No. 99-632

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 275

IN RE THE SUPPORT OBLIGATION OF:

GERALD J. SCHMITZ,

Petitioner and Respondent,

v.

PATTI ENGSTROM and STATE OF MONTANA,

DEPARTMENT OF PUBLIC HEALTH AND

HUMAN SERVICES, CHILD SUPPORT

ENFORCEMENT DIVISION,

Respondents and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Ann Hefenieder, Special Assistant Attorney General, Department of Public Health and Human Services, Billings, Montana

For Respondent:

Albert R. Batterman, Glendive, Montana

Submitted on Briefs: May 4, 2000
Decided: October 30, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Patti Engstrom and the Montana Child Support Enforcement Division (CSED) brought this action to enforce a Canadian child support order against Gerald Schmitz (Schmitz). Following a hearing, the Administrative Law Judge (ALJ) concluded that Schmitz owed back support in the amount of $14,705 and current/future support of $322 per month. The District Court reversed the ALJ's decision, finding that the Canadian support order had been nullified by an order from a Hawaiian court two years earlier and Schmitz had no obligation of child support past or present. Engstrom and CSED appealed. We reverse and remand.

¶2 The issues presented for appeal are as follows.

1. Did the District Court err when it concluded that a Hawaiian order, which dismissed Hawaii's enforcement action against the Respondent, "without prejudice," also modified the child support order issued by a Canadian court, thus eliminating Gerald Schmitz's child support obligation?

2. Did the District Court err when it concluded that the Hawaiian order was "an adjudication on the validity of the original support order," thus retroactively modifying the child support obligation contrary to the provisions of law?

3. Did the District Court err when it concluded that CSED's action to enforce the Respondent's support obligation was unfair, because two years had elapsed between the order dismissing Hawaii's action "without prejudice," and the CSED's income

withholding notice?

## FACTUAL BACKGROUND

¶3 The two parties, Patti Engstrom and Gerald Schmitz were married in Glendive, Montana on June 30, 1984 and divorced by order of the Court of Queen's Bench, Province of Saskatchewan, Canada, on October 28, 1993. According to the separation agreement there were two children of the marriage: Lindsay, who is Patti Engstrom and Gerald Schmitz's biological child, and Ian Ford, who is Patti's child born prior to the marriage. The divorce agreement stipulated that Gerald was not to pay child support "now or in the future" for either child.

¶4 In 1995, Patti Engstrom requested that the divorce decree be modified to include child support, due to a change in her financial circumstances not contemplated by the parties at the time of the divorce. The opinion of the divorce court addressed several issues, including Schmitz's parental relationship to Ian, and the change in Engstrom's financial circumstances. The court determined that under Canadian law, Schmitz stands *in loco parentis* to Ian despite the lack of a biological connection. This status resulted in an obligation to support Ian absent a change in their relationship. The court made clear that this was not an obligation from which Schmitz was able to withdraw unilaterally. The court also determined that there was a material change of circumstances which warranted a modification of the divorce judgment. The court relies on *Willick v. Willick* (1984), 173 NR 321, a decision of the Supreme Court of Canada. The *Willick* court noted that separation agreements and divorce judgments are not absolute bars to an order of support. If there is a material change in circumstances, the original order can be varied. In addition, according to the court, Schmitz acknowledged that he understood at the time of the agreement that Engstrom could apply for child maintenance in the future, despite the agreement. As a result, the court re-assessed the needs of the children and ordered Schmitz to pay $250 per month, per child, as maintenance for the children.

¶5 Engstrom requested that the Child Support Enforcement Division (CSED) in Montana enforce the Canadian support order. Schmitz was located in Hawaii and CSED sent an interstate transmittal to Hawaii's Child Support Enforcement Division, requesting a wage withholding to enforce the order. Schmitz requested a hearing. On October 3, 1996, a hearings officer issued an "Order of Dismissal Without Prejudice" in the matter. We have no other information in the record regarding the hearing in Hawaii.

¶6 In June of 1998, Engstrom and the Montana CSED re-filed to enforce the order via a wage withholding action. A hearing was held and the Administrative Law Judge found that the Hawaiian order did not modify the Canadian support order. The ALJ ordered Schmitz to pay back child support in the amount of $14,705 for the period between April 1995 and August 1998 (adjusted from Canadian to US funds). The ALJ also ordered him to pay the adjusted amount awarded by the Canadian court in current and future support.

¶7 The District Court reversed the order of the ALJ, finding that the Hawaiian order had nullified the Canadian support order and that Schmitz owed no current, future, or back support.

## DISCUSSION

¶8 The first two issues raised by the appellants can be addressed simultaneously. In essence, they ask whether the District Court erred in concluding that the Hawaiian order dismissing the action "without prejudice" had the effect of nullifying the order of the Canadian court, completely eliminating any child support obligation owed by Schmitz. We find that the District Court did err, and we reverse.

¶9 The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co. Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶10 The Respondent argues, and the District Court concluded, that the order of the Canadian court was modified in Hawaii in the action brought in 1997. The only evidence that he offers of this modification is an "Order of Dismissal Without Prejudice" from the State of Hawaii Department of the Attorney General, Office of Child Support Hearings. This one page document reveals very little about what happened at the hearing. It is not clear from the record exactly what was argued, but it is clear that nothing was decided in the hearing. The document says nothing about a change in the rights of the parties. There is simply not enough information in the record about this hearing to show that it modified the support agreement in any way. The action was simply dismissed, without prejudice, leaving either party free to file another action.

¶11 A dismissal without prejudice leaves the parties free to re-file an action at any time. It does not act as a bar to a further suit on the same action. On the contrary, normal use of the phrase would lead us to believe that a dismissal "without prejudice," means that no

right or remedy of the parties is affected, the use of the phrase simply shows that there has been no decision in the case upon the merits and prevents the defendant from setting up the defense of res judicata. See, e.g. *Sellie v. North Dakota Guar. Ins. Ass'n.* (N.D. 1992), 494 N.W.2d 151, 159. Dismissal without prejudice is also defined in Black's Law Dictionary as "a dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period." Black's Law Dictionary 482 (7th ed. 1999). The term "without prejudice" is further defined, "without loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party." Black's Law Dictionary 1596 (7th ed. 1999).

¶12 The effect of dismissing the case was not a complete modification of the original child support order. The Hawaiian order does not constitute any final decision on the part of the State of Hawaii and we have no obligation to consider it as a modification to the Canadian order. We find that the order dismissing the action in Hawaii is a nullity and decline to find that it modified the Canadian court's order in any way.

¶13 The final issue presented by the Appellants is whether the District Court erred when it concluded that CSED's action to enforce the Respondent's support obligation was unfair, because two years had elapsed between the order dismissing Hawaii's action "without prejudice," and the CSED's income withholding notice.

¶14 It has long since been the established law in Montana that neither laches nor equitable estoppel applies to recovery of child support arrears. *Fitzgerald v. Fitzgerald* (1980), 190 Mont 66, 69-71, 618 P.2d 867, 869. The doctrine of laches or estoppel does not relieve a past child support obligation. The defense of laches is not available in an action or proceeding brought to secure enforcement of a child support order. If the court or custodian do not promptly proceed to seek compliance with the child support order, the person choosing not to make the child support payments is not to profit or benefit thereby. *Fitzgerald,* 190 Mont. at 70-71, 618 P.2d at 869. The rights of the children, as interested and affected parties are to be served and protected.

¶15 There are several reasons for this policy. First, it is the children's rights that are at stake, and they should not be sacrificed by the inaction of the custodial parent. *In re Marriage of Petranek* (1992), 255 Mont. 458, 460, 843 P.2d 784, 787. "Though one might reasonably expect a custodian to promptly seek enforcement of a child support order, the failure of a custodian to do so does not benefit the person failing to pay by relieving him or her of that duty." *Petranek*, 255 Mont. at 462, 843 P.2d at 787. Second, parents have

not only a legal obligation, but also a social and moral responsibility to support their children. Support of children rises to the level of a social obligation that a parent owes not only to their children but to the state as well. The law does not look favorably upon those who fail to make a good faith effort to comply with their child support obligations. *In re Marriage of Hopper*, 1999 MT 310, ¶ 37, 297 Mont. 225, ¶ 37, 991 P.2d 960, ¶ 37.

¶16 There have been a lot of delays and unnecessary maneuvering in this case. Schmitz presents a variety of reasons why the original support order was unfair, but he has had ample opportunity to litigate these issues with the Canadian court with respect to the original order, or to request that the award be modified with respect to future payments. At this point however, we decline to reward Schmitz for refusing to comply with a valid support order by eliminating his obligation to pay.

¶17 The District Court's ruling is reversed. We remand to the District Court for entry of judgment consistent with this opinion.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER