JUSTICE BAKER,
concurring in part, dissenting in part.
¶64 I agree with the Court’s conclusion that since the Labairs presented sufficient evidence to demonstrate that they could have withstood a summary judgment motion in the underlying medical malpractice case, Carey’s motion for summary judgment on the Labairs’ legal malpractice claims should have been denied. Labairs now must prove that Carey’s negligence caused them a compensable loss. I concur with the Court’s opinion to that extent and write separately for two reasons.
¶65 First, while the District Court improperly concluded that the affidavit of attorney Douglas Buxbaum “establishes that Plaintiffs’ underlying medical malpractice claim would not have been successful,” it is unnecessary for the Court in this opinion to further address Buxbaum’s affidavit or the proper scope of any expert testimony that ultimately may be offered at trial. A trial court is vested with considerable discretion in ruling on the admissibility of expert testimony. “We do not simply determine whether this Court would have made the same ruling, but determine whether the district court ‘acted arbitrarily without conscientious judgment or exceeded the bounds of reason’ and prejudiced a substantial right of the appellant.” Beehler v. E. Radiological Assocs., P.C., 2012 MT 260, ¶ 17, 367 Mont. 21, 289 P.3d 131 (quoting Weber v. BNSF Ry. Co., 2011 MT 223, ¶ 39, 362 Mont. 53, 261 P.3d 984). The Court does not explain what portions of Buxbaum’s affidavit in particular it finds objectionable or which of his statements it believes purport to “offer expert medical opinions” in the case. Opinion, ¶ 28. With the case being remanded for trial, the opinion only invites additional questions about what testimony, if any, Buxbaum may be allowed to give.
*476 ¶66 As the Court holds, the question at trial will be whether Carey’s breach of the standard of care caused any damages to Labairs, requiring them to prove that they more probably than not would have obtained a favorable outcome in the underlying medical malpractice case. Opinion, ¶ 41. “The courts use an objective standard, rather than a subjective standard, when determining whether a former client would have fared better in the underlying suit.... The objective standard[] demands the trier of fact view the underlying suit from the standpoint of what a reasonable judge or jury would have decided but for the attorney’s negligence.” In re Alan DeAtley Litig., No. CV-06-0278, 2008 U.S. Dist. LEXIS 68340 at **21-25 (E.D. Wash. Aug. 29, 2008) (citing cases); see also Chocktoot v. Smith, 571 P.2d 1255, 1258 (Or. 1977). Buxbaum may be qualified to testify on some matters related to that issue, given his expertise in handling similar cases. Since the Court leaves it to the trial court and the parties to “settle the manner in which this case shall be tried,” Opinion, ¶ 45,1 would defer to the District Court to review and consider the matter of expert testimony at trial.
¶67 Second, the Court fails substantively to address Carey’s alternative argument that the Labairs’ own actions defeated their underlying case because they could have but failed to refile their complaint after the Medical Legal Panel’s decision. Carey cites § 27-2-407, MCA, which provides:
If an action is commenced within the time limited for the action and a judgment is reversed on appeal without awarding a new trial or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff... may commence a new action for the same cause after the expiration of the time limited and within 1 year after a reversal or termination.
“A civil action is commenced by filing a complaint with the court.” M. R. Civ. P. 3. The underlying medical malpractice complaint was filed in district court on September 14,2006. On November 16, 2007, it was dismissed, apparently without prejudice, because Carey had neglected to file the medical malpractice claim with the Montana Medical Legal Panel prior to filing in court. See § 27-6-701 (“No malpractice claim may be filed in any court against a health care provider before an application is made to the panel and its decision is rendered.”). By the time the complaint was dismissed, the Labairs already had filed their application for review with the Medical Legal Panel; they received a *477 decision in December 2007.
¶68 “[T]he fundamental purpose of § 27-2-407, MCA, commonly referred to as the ‘saving statute,’ is to allow a plaintiff to have her claim decided on its merits despite the expiration of the statute of limitations.” Brilz v. Metro. Gen. Ins. Co., 2012 MT 184, ¶ 16, 366 Mont. 78, 285 P.3d 494. It is invoked “to avoid the harsh forfeiture of plaintiffs rights where the plaintiff diligently and in good faith pursues an action only to have it dismissed on procedural grounds.” Brilz, ¶ 16 (quoting Allen v. Greyhound Lines, Inc., 656 F.2d 418, 422 (9th Cir. 1981)). A dismissal without prejudice is not a judgment on the merits of the case. Schmitz v. Engstrom, 2000 MT 275, ¶ 11, 302 Mont. 121, 13 P.3d 38. The Labairs arguably had until November 2008 to commence a new action, but failed to do so.
¶69 I am not persuaded by Carey’s argument that Labairs’ failure to refile their complaint entitles Carey to summary judgment on the legal malpractice claim, given that it was his failure to file the complaint properly in the first place that caused its dismissal. However, I would not foreclose Carey from arguing in the District Court that Labairs failed to mitigate their damages. See Bitterroot Int’l Sys. v. Western Star Trucks, Inc., 2007 MT 48, ¶ 69, 336 Mont. 145, 153 P.3d 627 (“The question of whether an injured party violated its duty to mitigate damages presents a question for the trier of fact.”) (citing Bronken’s Good Time Co. v. J. W. Brown and Assocs., 203 Mont. 427, 433, 661 P.2d 861, 864 (1983)); McPherson v. Kerr, 195 Mont. 454, 459, 636 P.2d 852, 855 (1981) (“The duty to reduce or mitigate damages is a positive one upon the injured person, but it has limits. The test is: What would an ordinary prudent person be expected to do if capable, under the circumstances? ...”) (quoting Spackman v. Ralph M. Parsons Co., 147 Mont. 500, 505, 414 P.2d 918, 921 (1966).
¶70 As we pointed out in Brilz, this Court has held that “a party’s ‘bona fide attempt’ to commence an action was sufficient to invoke the statute, even though her original complaint contained insufficient allegations to state a good cause of action.” Brilz, ¶ 17 (citing Clark v. Or. Short Line R.R. Co., 38 Mont. 177, 180, 184-86, 99 P. 298, 300, 301-02 (1909)). The District Court has not yet had a chance to consider this issue as applied to the facts of this case or to the question of mitigation of damages and the Court’s decision to reverse summary judgment should not preclude it from doing so.