

DA 12-0536

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 129

IN RE THE MARRIAGE OF:
SUSAN J. PFEIFER,

      Petitioner and Appellee,

   v.

PHILLIP CHRISTOPHER MEREDITH PFEIFER,

      Respondent and Appellant.


APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and For the County of Lake, Cause No. DR 94-197
                   Honorable C.B. McNeil, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Fred Simpson, Reep, Bell & Laird, P.C., Missoula, Montana

      For Appellee:

      Brian L. Taylor, Joshua I. Campbell; Jardine, Stephenson, Blewett & Weaver, P.C., Great Falls, Montana


                          Submitted on Briefs:  April 10, 2013
                                Decided:  May 14, 2013



Filed:


                  _____
                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Phillip Pfeifer appeals from the District Court's Order Granting Motion to Enforce, filed August 6, 2012. We affirm.

¶2     Phillip presents the following issues for review:

¶3     Issue One: Whether the District Court erred by requiring Phillip to pay child support beyond the 18th birthday of the parties' child.

¶4     Issue Two: Whether the District Court should have applied the doctrine of equitable estoppel to preclude Susan's claim for back child support.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5     The parties were married in 1988 and the marriage was terminated in a Decree of Dissolution entered in December, 1995.[1] They had one child, a daughter born in 1988. Pursuant to the Decree, Phillip paid child support of $6,977 per month for over ten years, until their daughter's eighteenth birthday in November, 2006. The Decree required that support payments would "continue until the child reaches majority, graduates from high school or is otherwise emancipated." In June, 2012, Susan filed a petition seeking additional child support payments for the period between their daughter's eighteenth birthday in November 2006, and her graduation from high school in July 2007. The District Court applied § 40-4-208(5), MCA, to determine that Phillip's child support obligation did not

---

[1] Appeals involving the parties' dissolution proceedings have been brought to this Court several times. *Pfeifer v. Pfeifer*, 282 Mont. 461, 938 P.2d 684 (1997); *In re the Marriage of Pfeifer*, 1998 MT 228, 291 Mont. 23, 965 P.2d 895; *In re the Marriage of Pfeifer,* 2000 MT 100, 299 Mont. 268, 999 P.2d 340.

2

terminate until their daughter graduated from high school. The District Court granted the petition, awarding Susan a judgment of $55,816.

¶6 Phillip appeals.

## STANDARD OF REVIEW

¶7 The construction of the Decree of Dissolution and the application of § 40-4-208, MCA, involve conclusions of law, which we review to determine whether they are correct. *In re Marriage of Pfeifer*, 1998 MT 228, ¶ 9, 291 Mont. 23, 965 P.2d 895.

## DISCUSSION

¶8 Issue One: Whether the District Court erred by requiring Phillip to pay child support beyond the 18th birthday of the parties' child.

¶9 The District Court determined that the Decree of Dissolution was ambiguous in providing that the obligation of child support continued until the child reaches majority, graduates from high school or is otherwise emancipated. That provision does not state whether the support obligation continues until the earlier or the later of those three dates and we agree with the District Court's conclusion that it is ambiguous. Section 40-4-208(5), MCA, provides:

> Provisions for the support of a child are terminated by emancipation of the child or the child's graduation from high school if the child is enrolled in high school, *whichever occurs later*, but in no event later than the child's 19[th] birthday, unless the termination date is extended or knowingly waived by written agreement or by an express provision of the decree.

(Emphasis added.) Under this statute, the obligation to pay child support in this case extended to the parties' daughter's graduation from high school, as the District Court

3

concluded.

¶10    Phillip contends that the statutory provisions have been waived by express provision of the decree. The statute allows the parties by written agreement or by an express provision included in the dissolution decree, to establish a specific termination date for child support payments. *In re the Marriage of Gingerich*, 269 Mont. 161, 166, 887 P.2d 714, 717 (1994). In that case this Court upheld enforcement of the decree, which provided that support continued "until the child reached majority or was earlier emancipated." There is no applicable written agreement concerning the termination of child support in this case, and we find nothing in the 1995 Decree of Dissolution that expressly establishes the date for termination of child support.

¶11    Since the Decree of Dissolution did not expressly provide the termination date for child support payments, § 40-4-208(5), MCA, controls and provides for a termination date upon the daughter's graduation from high school.

¶12    Issue Two: Whether the District Court should have applied the doctrine of equitable estoppel to preclude Susan's claim for back child support.

¶13    Phillip contends that he ceased child support payments when his daughter turned 18 in 2006 and that Susan never made any demand for additional payments until she filed a motion with the District Court in 2012. Phillip further contends that after he ceased child support payments he made substantial payments for his daughter's needs, including college tuition. He contends that had he known Susan's position on child support, he would have requested that she pay a share of those needs. This, he argues, calls for the application of estoppel to

4

bar the claim for additional child support. The District Court did not expressly rule on the estoppel argument.

¶14 It is "established law in Montana that neither laches nor equitable estoppel applies to recovery of child support arrears." *Schmitz v. Engstrom*, 2000 MT 275, ¶ 14, 302 Mont. 121, 13 P.3d 38, citing *Fitzgerald v. Fitzgerald*, 190 Mont. 66, 69-71, 618 P.2d 867, 869 (1980). The only exception is when the parties have agreed to modify the amount of child support provided for in a decree, and that agreement "is observed over a period of years." *In re the Marriage of Hooper*, 247 Mont. 322, 324, 806 P.2d 541, 543 (1991); *In re Marriage of Windhalm*, 279 Mont. 97, 101, 926 P.2d 748, 751 (1996); *In re Marriage of Jensen*, 223 Mont. 434, 727 P.2d 512 (1986). Additionally, there must be a substantial and continuing change in circumstances rendering the original support decree inequitable; there must be a mutual agreement between the parties made in good faith; and there must be conduct consistent with the agreement over a period of years, all established by clear and convincing evidence. *Hooper*, 247 Mont. at 324, 806 P.2d at 543. This policy serves and protects the rights of the children. *Schmitz*, ¶ 14.

¶15 This Court upheld an exception to the general policy when the facts apparently demonstrated that the mother's conduct supported an implied agreement that the father not pay child support. *In re the Marriage of Shorten*, 1998 MT 267, 291 Mont. 317, 967 P.2d 797. *Shorten* is overruled to the extent that it allows for application of general principles of estoppel to claims for unpaid child support in the absence of an agreement between the parties to accept a modification of the child support obligation.

5

¶16 There is no evidence in this case of any agreement between the parties to modify the child support obligation provided in the Decree of Dissolution. Therefore estoppel does not apply.

¶17 The District Court correctly applied the law. We affirm.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS

Justice Jim Rice dissents.

¶18 Curiously, the Court reasons that "the Decree of Dissolution did not expressly provide the termination date for child support payments," Opinion, ¶ 11, and, therefore, the statute controls and sets the support termination date as the child's graduation. The Decree provided that Phillip's support obligation would "continue until the child reaches majority, graduates from high school **or** is otherwise emancipated." Opinion, ¶ 5 (emphasis added). I don't know how the Decree could have been clearer. The support obligation was to continue until the occurrence of any one of three events. The child reached majority in November 2006, and Phillip's support obligation ended at that time. I would reverse.

/S/ JIM RICE

6