FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0082

DA 16-0082

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 295N

IN RE THE MARRIAGE OF:

SANDRA MURRAY LEE,

      Petitioner and Appellee,

   And

AMOS ABRAHAM LEE,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DR 15-32
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Robert W. Snively, Attorney at Law, Hardin, Montana

      For Appellee:

          Ann C. German, Attorney at Law, Libby, Montana

Submitted on Briefs:  October 5, 2016

Decided:  November 15, 2016

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Amos Abraham Lee appeals an order of the Nineteenth Judicial District Court, Lincoln County, denying his motion to modify child support as to arrears before the date he filed the motion. We address whether the District Court erred in its ruling. We affirm.

¶3      In June 2007, Amos and Sandra Murray Lee dissolved their marriage. Pursuant to the dissolution decree, Amos was required to pay $934 per month in child support for the parties' two children. A letter from Sandra to Amos, dated October 20, 2009, and signed by both parties (2009 Letter), states, in relevant part: "You are no longer required to pay child support . . . ." On December 22, 2014, Amos filed a motion to modify child support, requesting that the District Court adopt the 2009 Letter as a child support modification order. Sandra opposed the motion, and the District Court held a hearing, during which both parties testified. On January 8, 2016, the District Court denied Amos' motion to modify child support as to arrears before the date he filed the motion but held: "The motion to modify child support may proceed as to modification after the date of filing." Amos appeals the District Court's denial of his motion as to arrears, contending that the 2009 Letter modified his child support obligation.

2

¶4     We review a district court's findings of fact for clear error and its conclusions of law for correctness. *In re Marriage of Albinger*, 2002 MT 104, ¶ 9, 309 Mont. 437, 47 P.3d 820. "Additionally, we review a district court's decision regarding modifications to child support to determine whether the district court abused its discretion." *Albinger*, ¶ 9.

¶5     Pursuant to § 40-4-208(1), MCA, a district court may modify a child support order "only as to installments accruing subsequent to actual notice to the parties of the motion for modification." Additionally, "[i]t is 'established law in Montana that neither laches nor equitable estoppel applies to recovery of child support arrears.'" *Pfeifer v. Pfeifer*, 2013 MT 129, ¶ 14, 370 Mont. 158, 301 P.3d 821 (quoting *Schmitz v. Engstrom*, 2000 MT 275, ¶ 14, 302 Mont. 121, 13 P.3d 38). The only exception occurs when the parties establish, by "clear and convincing evidence," that there is: (1) a substantial and continuing change in circumstances rendering the original support decree inequitable; (2) a mutual agreement between the parties made in good faith; and (3) conduct consistent with the agreement over a period of years. *Pfeifer*, ¶ 14. The District Court denied Amos' motion on the basis that "[t]here was no agreement in good faith between the parties rendering the collection of arrears in child support inequitable," because the District Court determined that Sandra agreed to waive child support only to avoid further custody battles during her move from Montana to Utah.

¶6     "[T]he weight of the evidence and the credibility of the witnesses are exclusively the province of the trier of fact and, in the event of conflicting evidence, it is within the province of the trier of fact to determine which will prevail." *In re Marriage of Bliss*,

2016 MT 51, ¶ 17, 382 Mont. 370, 367 P.3d 395 (citation omitted).   During the December 18, 2015 hearing, the parties presented conflicting evidence.  Sandra testified that, when she told Amos she was moving to Utah, Amos told her he would only let her take the children if she drafted an agreement stating that he no longer needed to pay child support.  Amos testified that he never proposed not paying child support.  The District Court, as the trier of fact, weighed the evidence before it and found that Sandra's testimony was more credible.  This finding is not clearly erroneous.  Therefore, the District Court's finding that Amos did not supply "clear and convincing evidence" that the 2009 Letter was drafted "in good faith" is not clearly erroneous.  *See Pfeifer*, ¶ 14.  Accordingly, the District Court correctly concluded that Amos did not meet the exception to the notice-of-motion requirement set forth in § 40-4-208(1), MCA.  *See Pfeifer*, ¶ 14.  The District Court did not abuse its discretion by denying Amos' motion to retroactively modify the parties' child support arrangement.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct, its findings of fact are not clearly erroneous, and its ruling was not an abuse of discretion.  We affirm.

/S/ JAMES JEREMIAH SHEA

4

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE