No. 03-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 206

IN RE THE MARRIAGE OF WILLIAM MARK WEBER,

Petitioner and Appellant,

and

EVELYN GAIL WEBER,

Respondent and Respondent.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DR 90-72696
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul Neal Cooley, Skelton & Cooley, Missoula, Montana

For Respondent:

Gary L. Graham, Garlington Lohn & Robinson, Missoula, Montana

Submitted on Briefs:  December 4, 2003

Decided:  August 3, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 William Mark Weber (Mark) and Evelyn Gail Weber (Gail) terminated their marriage and their property was divided by final decree and judgment on January 2, 1992. In March of 2003, in the Fourth Judicial District Court, Missoula County, Gail moved to enforce a provision of the final decree as to the payment of her share of Mark's retirement benefits. Mark moved to dismiss and a flurry of responses and subsequent motions ensued. The District Court implicitly denied the motion to dismiss by granting Gail's motion to enforce. The District Court eventually denied a motion by Mark to amend. Mark appeals. We affirm.

¶2 We restate the issues on appeal as follows:

¶3 1. Whether the District Court erred in determining that Gail did not have to personally serve Mark with the motion to enforce.

¶4 2. Whether the District Court abused its discretion in not allowing Mark an enlargement of time to respond to the motion to enforce.

¶5 3. Whether the motion to enforce was time barred.

¶6 4. Whether the District Court erred in ordering Mark to pay Gail for her uncollected payments by setoff or otherwise.

## FACTUAL AND PROCEDURAL BACKGROUND

¶7 Gail and Mark terminated their marriage and their property was divided by final decree (the decree) in January of 1992. The decree provided that Mark's future Civil Service Retirement System (CSRS) pension benefits, accumulated during the marriage while he worked for the U.S. Forest Service, would be equally shared by Gail and Mark and that Mark

2

would receive a fractional share of Gail's future benefits from her Montana Teacher's Retirement pension. The decree also stated that if Mark returned to federal employment and reactivated his CSRS pension, Gail's share of Mark's CSRS pension would be determined in accordance with the formula enunciated in *Rolfe v. Rolfe* (1988), 234 Mont. 294, 766 P.2d 223.

¶8	At the time the decree was issued, neither party had retired. Later, Mark did return to federal employment. Then, in January of 2002, he retired and started drawing his CSRS retirement benefits in March but did not notify Gail that he had retired, nor did he arrange for any portion of his retirement to be paid to her. Gail contacted Mark concerning the payments owed to her and he refused to make those payments claiming that he did not have to begin paying her until November 2003.

¶9	On March 17, 2003, Gail moved to enforce the provision of the decree as to payment of her share of Mark's retirement benefits. Mark's gross monthly pension benefit had been $2,722 and, according to the *Rolfe* methodology, Gail's monthly share would have been $734 a month. Total arrearage, at that time, was $8,808. Mark was served with the motion to enforce by certified mail sent to his last known address in Hawaii and his attorney of record, Paul Neal Cooley (Cooley), was also served by mail. A barrage of motions, responses, and replies then ensued.

¶10	Mark moved to dismiss the motion to enforce on April 1, 2003, asserting that he should have been personally served because it was unclear whether Cooley was still representing Mark and because the statute of limitations barred the motion to enforce. Three

3

days later, Gail responded to Mark's personal service argument. On April 14, 2003, Mark filed a motion to enlarge time to respond to the motion to enforce. Subsequently, Gail replied first to Mark's statute of limitations argument and then to Mark's motion to enlarge time.

¶11 On May 1, 2003, the District Court granted Gail's motion to enforce the 1992 judgment as to Mark's pension benefits. The District Court concluded that Cooley was clearly acting as Mark's attorney. The District Court further noted that the statute of limitations was not an issue because while "some time ha[d] elapsed since 1992, . . . the Decree was intended to extend to the relevant issue–retirement - - which ha[d] recently occurred."

¶12 Mark then moved to amend or correct error because the District Court had said that aside from Cooley's representation issue and the statute of limitations issue, "[t]here [was] no other basis advanced to discuss or deny [Mark's] motion [to dismiss] . . . . " Mark asserted that this was error because "his preliminary responses ask[ed] for more time to formulate a response and . . . the preliminary pleadings and affidavits suggest[ed] that additional grounds for contesting the Order [were] or might be present, after the parties conduct[ed] further discovery." Gail responded seven days later to the motion to amend and Mark replied. On June 10, 2003, the District Court denied Mark's motion to amend and ordered that judgment was to be implemented pursuant to the order to enforce final decree and judgment.

4

¶13    Under that order, Mark was required to pay Gail $734 a month.  In addition, as to the accrued payments then totaling $10,276, and any future payments not made, the District Court ordered:  "To the extent any . . . amount remains unpaid at the time [Mark] becomes entitled to share in the retirement benefits of [Gail], [Gail] is entitled to offset her obligations to [Mark] for the period and to the extent sums remain owing from [Mark]."  Mark appeals.

## STANDARD OF REVIEW

¶14    We review a district court's conclusions of law to determine whether the district court's interpretation and application of the law are correct.  *State v. Stone*, 2004 MT 151, ¶ 14, 321 Mont. 489, ¶ 14, ___ P.3d ___, ¶ 14.  In addition, we review discretionary trial court rulings for an abuse of discretion.  Discretionary trial court rulings include such things as trial administration issues, scope of cross-examination, post-trial motions, and similar rulings.  *State v. Insua*, 2004 MT 14, ¶ 13, 319 Mont. 254, ¶ 13, 84 P.3d 11, ¶ 13.

## DISCUSSION

### ISSUE ONE

¶15    *Whether the District Court erred in determining that Gail did not have to personally serve Mark with the motion to enforce.*

¶16    Mark maintains that personal service should have been required because he did not sign for the motion to enforce when it was sent by certified mail and because eleven years had elapsed between the decree and Gail's motion to enforce.  Mark further contends that service by mail was inappropriate because the attorney client relationship between Mark and Cooley was stale.

5

¶17 Rule 5(b), M.R.Civ.P., clearly states that service can be perfected by mailing a copy to the attorney of record or to the party at the attorney's or the party's last known address, and that "[s]ervice by mail is complete upon mailing." Here, the motion to enforce was sent to Mark's attorney, Cooley, in Missoula, and to Mark's last known address in Hawaii, by certified mail. The fact that Mark did not sign for the motion but rather an employee of Zac's Photo and Copy Center did, who then misplaced the motion, is immaterial. Once Gail placed the motion to enforce in the mail to Mark and Cooley, service was complete. As to Mark's contention that because the decree was eleven years previous, personal service is required, there are no cases or statutes that modify service requirements based upon the last date of activity in a case.

¶18 Lastly, Mark argues that Cooley ceased to be his attorney because eleven years had passed. Mark cites no statutes or cases which indicate that the passage of time concludes an attorney client relationship and as such requires a party to be personally served. Rule 23(a)(4), M.R.App.P. In addition, Cooley could have informed the District Court that Cooley was no longer representing Mark or could have timely asked the District Court for an enlargement of time so Cooley and Mark could determine whether Cooley would be representing Mark. Instead, Cooley responded to the motion to enforce with a motion to dismiss. We conclude, as did the District Court, that it was clear that Cooley was acting as Mark's attorney.

¶19 "[A] party interested in resisting the relief sought by a motion has a right to notice and an opportunity to be heard." Further, "[t]he requirement that timely notice be given of the

6

making of the proposed motion is to afford opposing counsel the opportunity to be present and intelligently to oppose the motion when made." *Luppold v. Lewis* (1977), 172 Mont. 280, 294-95, 563 P.2d 538, 546 (citing *State v. District Court* (1953), 126 Mont. 382, 393, 251 P.2d 840, 846) (citations omitted). Here, the motion to enforce was not only delivered to Mark's attorney of record, Cooley, but also to Mark by certified mail at his last known address. As such, we conclude that adequate notice was given and we hold that the District Court did not err in determining that personal service was not required.

## ISSUE TWO

¶20     *Whether the District Court abused its discretion in not allowing Mark an enlargement of time to respond to the motion to enforce.*

¶21     Basing his argument on Rules 6 and 11, M.R.Civ.P., Mark maintains that he was *entitled* to an enlargement of time in order to reply to the motion to enforce. Parties are not entitled to enlargements of time; enlargements of time are within the District Court's discretion. *Insua*, ¶ 13.

¶22     Under Rule 2(a) of the Uniform District Court Rules, a party has ten days to respond to a motion. The District Court can, within its discretion, enlarge that time if the request "is made before the expiration of the period originally prescribed or as extended by a previous order" or if "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." Rule 6(b), M.R.Civ.P. Gail filed the motion to enforce on March 17, 2003, and Mark moved for an enlargement of time on April 14, 2003. Mark's request to enlarge time was not made within

7

the required ten days and there is nothing in the record to indicate that his failure to act was the result of excusable neglect. Cooley argued in the motion to enlarge that more time was needed because Cooley and Mark had not cemented their relationship. The District Court did not find this argument persuasive and neither do we.

¶23 We see nothing in the record to indicate that the District Court abused its discretion in not granting Mark an enlargement of time.

## ISSUE THREE

¶24 *Whether the motion to enforce was time barred.*

¶25 Mark contends that Gail's motion to enforce was stale because Gail did not bring the motion to enforce until eleven years after the decree and because under § 27-2-201, MCA, actions on judgments and decrees must be brought within ten years.

¶26 While § 27-2-201, MCA, does require that an action upon a judgment or decree be brought within ten years, we have held in a similar case that the statute of limitations does not begin to run until the payment is due. *In re Marriage of Brown* (1994), 263 Mont. 184, 867 P.2d 381. In *Brown*, we held that the ten year statute of limitations commences to run as each child support payment obligation comes due. *Brown*, 263 Mont. at 189, 867 P.2d at 384.

¶27 The situation here is similar. Gail was not entitled to Mark's pension benefits until he retired in January 2002, and was able to collect them himself. Mark's argument would require that, sometime between 1992 and 2002, Gail should have moved to enforce payment of her share of Mark's pension benefits when Mark had yet to retire and was not receiving

8

any benefits himself. This holding would reach the absurd conclusion that Gail should be deprived of the benefits before the benefits were due her.

¶28    Accordingly, we see nothing in error regarding the District Court's findings and hold that Gail's requested relief was not time barred.

## ISSUE FOUR

¶29    *Whether the District Court erred in ordering Mark to pay Gail for her uncollected payments by setoff or otherwise.*

¶30    The District Court ordered that Mark pay Gail $734 a month. In addition, as to the accrued payments totaling $10, 276, and any future payments not made, Gail can offset her obligations to Mark when Mark becomes entitled to share in Gail's retirement benefits. Mark argues that he is exempt from this legal process under § 19-2-1004, MCA, because eleven years have passed since the decree was issued and, therefore, the decree should no longer be considered a family law order under § 19-2-907, MCA.

¶31    Section 19-2-1004, MCA, reads, "[e]xcept as provided in 19-2-907 and 19-2-909, the right of a person to any benefit or payment from a retirement system or plan and the money in the system or plan's pension trust fund is not: (1) subject to execution, garnishment, attachment, or any other process." Section 19-2-907(1), MCA, one of the qualifiers in the aforementioned statute states: "A participant in a retirement system may have the participant's rights modified or recognized by a family law order." A family law order is defined as "a judgment, decree, or order of a court . . . concerning . . . spousal maintenance, or marital property rights *that includes a transfer of all or a portion of a*

9

*participant's payment rights in a retirement system to an alternate payee . . . ."* Section 19-2-907(a), MCA (emphasis added).

¶32  In 1991, in accordance with §§ 19-2-1004 and 19-2-907, MCA, Mark's future CSRS retirement benefits were properly modified by the decree. Mark cites no authority for the premise that a family law order, such as the decree in this case, is no longer a family law order after eleven year's passage of time. Rule 23(a)(4), M.R.App.P. His premise that Gail should have requested payment for the retirement benefits during the previous ten years when Mark had yet to retire and there were no benefits to be paid, would lead, as indicated earlier, to absurd results. As such, we conclude that the District Court did not err in ordering Mark to pay Gail for her uncollected payments by setoff or otherwise.

¶33  We, therefore, hold that the District Court did not abuse its discretion in denying Mark's motion to enlarge. Further, it did not err in not requiring personal service, in determining that the motion to enforce was not time barred, or in ordering Mark to pay Gail for her uncollected payments by setoff or otherwise.

¶34  Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JOHN WARNER

10