FILED

November 10 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0441

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 382N

GREGORY FOSTER,

Plaintiff and Appellant,

v.

MARGUERITE BOYD HERNANDEZ
and RAUL HERNANDEZ,

Defendants and Appellees.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 08-0135
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Gregory Foster, self-represented litigant; Richmond, California

For Appellees:

Terry L. Seiffert, Attorney at Law, Billings, Montana

Submitted on Briefs:  October 14, 2009

Decided:  November 10, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gregory Foster (Foster) appeals from orders of the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment and awarding Rule 11 sanctions to Marguerite Boyd Hernandez and Raul Hernandez (Hernandez). We affirm.

¶3 This appeal originated from a probate administered by Hernandez as personal representative to the estate of Benjamin Boyd, Sr. In order to settle pending estate claims related to travel expenses Foster incurred completing a DNA test, Foster and Hernandez signed a stipulation awarding Foster $1000, a prorated bond premium, and payment of real estate taxes on property he received from the estate. The stipulation specifically provided that "Foster will raise no further objections or further claims relating to the above referenced estate or against the Personal Representative." However, Foster filed this civil action against Hernandez on January 25, 2008, alleging fraudulent selling of real property, breach of fiduciary duty, and lack of notice. Hernandez moved for summary judgment on April 21, 2008. Although the District Court specifically requested a proper mailing address from Foster at the scheduling conference, Foster did not respond to the motion for summary judgment, nor appear at the hearing. The court granted

summary judgment to Hernandez on May 20, 2008. Hernandez then moved for Rule 11 sanctions on May 27, 2008. Foster moved to set aside the summary judgment on June 9, 2008, claiming he was not notified of the summary judgment hearing. The court granted Hernandez's motion for sanctions, denied Foster's motion to set aside the summary judgment, and further sanctioned Foster for his motion. Foster failed to appear at either hearing on sanctions. Foster now appeals.

¶4     Foster raises a number of issues on appeal that were never presented to the District Court. This Court will not address issues raised for the first time on appeal. *State v. Wetzel*, 2005 MT 154, ¶ 13, 327 Mont. 413, 114 P.3d 269. The only issues properly before the Court in this appeal relate to the grant of summary judgment and imposition of sanctions.

¶5     Foster claims that he was not notified of the summary judgment hearing, yet Hernandez's summary judgment motion certifies that a copy was sent to Foster's Billings address. This is the same address that Foster used in his complaint and confirmed was correct at the scheduling conference. This Court has determined that service is complete upon mailing, pursuant to M. R. Civ. P. 5(b). *In re Marriage of Weber*, 2004 MT 206, ¶ 17, 322 Mont. 324, 95 P.3d 694. Thus, service was complete here.

¶6     M. R. Civ. P. 11 provides that the signing of a pleading or motion certifies that it is "well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The rule further provides that the court shall impose sanctions on a violating party, which may include an order to pay reasonable attorney

fees incurred because of the pleading or motion. M. R. Civ. P. 11. Foster signed a stipulation providing that he would "raise no further objections or further claims" against the estate. Nonetheless, Foster initiated this action, which is neither "well grounded in fact," nor "warranted by existing law." The sanctions awarded by the District Court amount to the reasonable attorney fees incurred in defense of Foster's frivolous claim. The District Court did not abuse its discretion in awarding sanctions.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law; the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER
/S/ JIM RICE